[No. 14609. Department One. July 30, 1918.]

O. E. WELDEN, *Appellant,* v. SKINNER & EDDY
CORPORATION, *Respondent.*[1]

MASTER AND SERVANT — RELATION OF PARTIES — INDEPENDENT CON-
TRACTORS—WORKMEN'S COMPENSATION ACT. Constructing engineers,
supervising the work of putting up buildings on a percentage basis,
under a contract whereby they had no money invested and assumed
no liability on contracts or pay-rolls in their name, although they
employed laborers and paid them with the owner's money, are
agents and employees and not independent contractors, so that the
laborers were servants of the owners, within the industrial insur-
ance act, Rem. Code, § 6604-1 *et seq.*, and not entitled to maintain
actions at law for personal injuries at the plant.

SAME—WORKMEN'S COMPENSATION—EXTRA HAZARDOUS WORK—EM-
PLOYMENT AT "PLANT." A carpenter on the construction of a ship-
building plant who, on his way to the toilet, passed near a galvaniz-
ing tank in the vicinity of his work when the tank exploded, is en-
gaged in an "extra hazardous" employment within the industrial
insurance act, and was injured at the employer's plant in the course
of his employment.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered May 7, 1917, dis-
missing an action for personal injuries sustained by a
servant, upon granting a nonsuit. Affirmed.

*Jackson Silbaugh,* for appellant.

*J. Speed Smith, Henry Elliott, Jr.,* and *Hastings &
Stedman,* for respondent.

PARKER, J.—The plaintiff Welden seeks recovery of
damages for personal injuries which he claims to have
suffered as the result of the negligence of the defend-
ant, Skinner & Eddy Corporation. Trial in the su-
perior court for King county, sitting with a jury, re-
sulted, upon motion of counsel for defendant made at
the conclusion of the plaintiff's evidence, in the court's
taking the case from the jury, and rendering judgment

[1]Reported in 174 Pac. 452.

of dismissal, denying recovery as prayed for by the plaintiff. From this disposition of the case, the plaintiff has appealed to this court.

One of the grounds upon which respondent's motion· for judgment of dismissal was made and granted was that appellant's right of action in the courts is barred by the provisions of our workmen's compensation act (Rem. Code, § 6604-1 *et seq.*), because; "—the plaintiff, at the time of the injury complained of, was an employee of the defendant, engaged in an extra-hazardous occupation"—and, "plaintiff was working at the time of said injury at the plant of his employer and was engaged in an extra-hazardous occupation." This is the only ground of dismissal we find it necessary to notice.

The following facts, which we regard as controlling here, we think, conclusively appear from the evidence· introduced upon the trial. Respondent is a shipbuilding corporation, maintaining and operating a large shipbuilding·plant at Seattle. At the time in question, the construction of buildings, constituting portions of respondent's plant, was being done under a contract with the engineering firm of Grant Smith & Company; which contract, to the end that we may determine the relation of respondent to that firm, we quote from as follows:

"Agreement Covering the Erection of Buildings for Skinner & Eddy Corporation.

"This Memorandum of Agreement, made and entered into this 17th day of January, A. D. 1916, between Skinner & Eddy Corporation, of Seattle, Washington, hereinafter referred to as 'the owner,' and Grant Smith & Co., a copartnership, hereinafter referred to as 'the constructing engineers,' Witnesseth:

. . .

"The constructing engineers hereby agree, for the consideration hereinafter named, to take charge, for

the owner, of the work specified by the description of work hereto attached.

"It is understood that the constructing engineers are to act as agent for the owner, and are to be guided in all matters by its instructions, or, if the owner so direct in writing, by the instructions of its architect. The description of work above referred to defines the scope of the work as now contemplated. This is subject to change at any time at the discretion of the owner, and may be increased or diminished at its pleasure. . . .

"The constructing engineers agree to enter upon the performance of the work immediately, and to bring to completion as rapidly as the best interests of the owner may dictate. The work will be carried on at such points, in such sequence, and at such times as the owner may direct, and as much work at night and on Sundays and holidays shall be done as the owner may request. . . .

"The constructing engineers will insure all their employees under the Washington Employees Insurance law, known as the Washington State Industrial Insurance, and will protect and save harmless the owner from any and all liability on account of injury to employees engaged in the construction of the buildings or to the public, on account of accident or damage occasioned in connection with the work undertaken by said constructing engineers.

"The fees paid to the Washington State Industrial Insurance Commission shall be reimbursed to said constructing engineers. . . .

"It is understood that the owner has full control over purchases and contracts. Bids on the various parts of the work will be secured by the constructing engineers, and will be submitted to the owner for decision. All contracts, orders, payrolls and other obligations shall be in the name of Grant Smith & Co., agents, and the constructing engineers do not assume any liability whatsoever under or by reason of such contracts, orders, payrolls or other obligations so entered into by them as agents for the owner. . . .

"The owner agrees to pay to the constructing engineers for their services, in connection with this work,

a sum amounting to ten per cent. of the total cost, with the exception as noted below. . . .

"Bills for material and labor, including payrolls, will be checked by the constructing engineers and forwarded to the owner for payment, or, if the owner prefers to advance funds to the constructing engineers as needed, the constructing engineers will make payment. . . .

"Should the owner become, at any time, dissatisfied with the manner in which the constructing engineers are conducting the work, or should the owner decide to discontinue work upon the building, it shall be at liberty, after one day's notice in writing, to terminate the employment of the constructing engineers, and to enter upon the premises and take possession of the work and all tools, material, machinery and appliances thereon. In case this action is taken by the owner, the constructing engineers shall receive, under sections 6, 7 and 8, reimbursement both for their expenditures to date of owner's taking possession, and for their own services, an amount which will equal ten per cent of the cost to the owner at that date."

Grant Smith & Co., while working under this contract, employed appellant as a carpenter. On August 31, 1916, appellant was working upon one of the buildings being constructed for respondent under the supervision of Grant Smith & Company. About 1:30 p. m. of that day, appellant left his work with a view of being absent only temporarily therefrom, to go to a toilet, a short distance away but upon the premises and at the plant of respondent. Proceeding on his way, he passed near respondent's galvanizing tank, while it was being operated by one of the employees. This tank was some thirty-five feet from where appellant left his work and in passing near it he was following the usual way to the toilet. When he was near the tank, an explosion occurred, throwing molten metal upon him, and causing the injury for which he seeks recovery in this action. Grant Smith & Company, in

compliance with their contract with respondent, had reported to the industrial insurance department and caused contribution to be made to the accident fund, based upon the payroll of employees employed in the construction work they were doing under their contract with respondent. This contribution to the accident fund was in fact paid direct by respondent into that fund. While the workmen were paid by Grant Smith & Company, the money was at the times of such payments furnished by respondent so that Grant Smith & Company had no money invested in the contract in so far as the payment of workmen was concerned. Indeed, the contract warrants the conclusion that Grant Smith & Company were relieved of the necessity of having any money invested in the contract even as to the cost of material and other expenses incurred in their prosecution of the work. Appellant, after his injury, proceeding upon the theory that he was an employee of Grant Smith & Company, and not of respondent, and that he had been injured by the negligence of respondent, notified the industrial insurance department that he elected to seek recovery in the courts against respondent instead of claiming compensation from the accident fund. He thereafter commenced this action in the superior court for King county.

Looking to the contract between Grant Smith & Company and respondent above quoted from, under which they, as constructing engineers, were supervising the work for respondent upon which work appellant and others were employed, it seems quite plain to us that Grant Smith & Company were in no sense independent contractors, but were sustaining a relation to respondent which in law amounted to little else than ordinary supervising engineers or architects. They were, in any event, nothing more than employees and agents of respondent. Our decisions in: *North Bend*

*Lumber Co. v. Chicago, Milwaukee & P. S. R. Co.,* 76 Wash. 232, 135 Pac. 1017; *Schade Brewing Co. v. Chicago, Milwaukee & P. S. R. Co.,* 79 Wash. 651, 140 Pac. 897, and other cases, render this clear as a proposition of law.

We think it follows that the workmen, including appellant, who were at work upon the construction of respondent's buildings, under the supervision of Grant Smith & Company, were employees of respondent and were subject to the workmen's compensation act.

That the work was extra hazardous is, of course, beyond question; and that appellant was injured upon the premises and at the plant of respondent, while in the course of his employment, we think is equally plain. Among the decisions of the courts lending support to this conclusion we note the following: *Sedlock v. Carr Coal Min. & Mfg. Co.,* 98 Kan. 680, 159 Pac. 9, L. R. A. 1917B 372; *Haller v. Lansing,* 195 Mich. 753, 162 N. W. 335, L. R. A. 1917E 324; *Archibald v. Ott,* 77 W. Va. 448, 87 S. E. 791, L. R. A. 1916D 1013; *In re Stacy,* 225 Mass. 174, 114 N. E. 206; *Zabriskie v. Erie R. Co.,* 86 N. J. L. 266, 92 Atl. 385, L. R. A. 1916A 315. The last cited case is of special interest because it involves injury to a workman while going to a toilet resorted to by the workmen of the plant.

We conclude that, under the facts conclusively shown, the trial court did not err in taking the case from the jury and ruling, as a matter of law, that appellant could not maintain an action in the courts for recovery of damages for the injuries sustained by him, but that he must look to the accident fund to compensate him for such injuries.

The judgment is affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and MITCHELL, JJ., concur.