### 12399.   DIXIE MANUFACTURING CO. v. RICKS.

STEPHENS, J.   1. A witness may, from observing a child, testify as to his judgment of the child's age; the probative value of such evidence being for the jury.

2. In a suit in behalf of an infant to recover damages for personal injuries received by him while employed in a mill of the defendant, where the petition alleged that the infant was at the time of the injury under the age of fourteen years and was injured by reason of being employed by the defendant in violation of the child-labor law, there was evidence sufficient to authorize the inference that the infant was at the time of the injury over fourteen years of age, where the time of the injury was a year and four and a half months prior to the date of the trial, and where the superintendent of the mill, a witness for the defendant, testified at the trial that he did not, at the time when the infant was employed to work in the mill, form any judgment as to the infant's age, but in his testimony said, "I judge his age now to be about sixteen years old." This evidence authorized the inference that at the time of the injury—a year and four and a half months previous—the infant

was more than fourteen years of age. The probative value of this evidence might be enhanced when it appears that the original petition, which was filed by the infant's father as next friend, alleged that the infant's age at the time of the injury was fourteen years, and did not allege a cause of action based upon the alleged negligence of the defendant in employing the infant in violation of the child-labor law, but was amended by alleging a cause of action based upon such negligence, and alleging that the age of the infant at the time of the injury was *thirteen years*, all of which was brought to the attention of the jury. The trial judge therefore committed error harmful to the defendant in expressing an opinion on a fact in issue, by stating, in his charge to the jury, that "there is no dispute as to his (the infant's) age or the fact that he did not come under one or the other of these exceptions;" referring to the exceptions mentioned in the child-labor law.

3. The remaining exceptions to the charge of the court are without merit.

4. The court erred in overruling the defendant's motion for a new trial.

    *Judgment reversed. Hill, J., concurs. Jenkins, P. J., disqualified.*

DECIDED FEBRUARY 1, 1922.

Action for damages; from Fulton superior court — Judge Bell. March 15, 1921.

*T. B. Higdon*, for plaintiff in error.

*Hewlett & Dennis*, contra.