23013. OCEAN ACCIDENT & GUARANTY CORPORATION LIMITED *v.* FARR.

DECIDED MAY 29, 1933.

*Ralph G. Sims, Ernest J. Haar,* for plaintiffs in error.
*Oliver & Oliver,* contra.

SUTTON, J. Where an employee was injured on the premises of the employer during a half-hour intermission at noon, given to employees by the employer for the purpose of eating lunch, and where the employee, not living close by the place of work, usually brought his lunch with him and ate it in the boiler-room where he

worked, and this custom had been acquiesced in by the employer, and this had been going on for a number of years, and where, before eating his lunch, the employee went upstairs to the washroom and washed his hands and face, and where, on going back down the stairs into the boiler-room, he stepped upon a defective step, causing him to fall, from which he sustained injury, the injury arose out of and in the course of his employment under the workmen's compensation act. *Employers Liability Assurance Corp.* v. *Henderson, 37 Ga. App.* 238 (3) (139 S. E. 688); *Holliday* v. *Merchants & Miners Transportation Co., 32 Ga. App.* 567 (124 S. E. 89); *Employers Liability Assurance Corp.* v. *Montgomery, 45 Ga. App.* 634 (165 S. E. 903), note 6 A. L. R. 1151. "As directly applied to the noon intermission, it is a long and well-settled rule that the service tie, or contractual relations and obligations between master and servant, is not broken by such suspension of all activities directly beneficial to the employer." Haller v. Lansing, 195 Mich. 753, 758 (162 N. W. 335, L. R. A. 1917E, 324); Thomas v. Proctor & Gamble Mfg. Co., 104 Kan. 432 (179 Pac. 372, 6 A. L. R. 1145, 1149). "Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, . . are incidents of his employment; . . consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts . . to procure a drink, food," etc. 1 Honnold Workmen's Comp., 381; Boyd's Workmen's Comp., § 431; Sundine's case, 218 Mass. 1 (105 N. E. 433, L. R. A. 1916A, 318). "The relation of master and servant, in so far as it involves the obligation of the master to protect the servant, is not suspended during the noon hour, where the master expressly, or by fair implication, invites his servants to remain on the premises in the immediate vicinity of the work." Bradbury, Workmen's Comp. (3d ed.), 524. "All the circumstances and facts tend to show that up to this time he [the employee] expected to resume his work when lunching time had expired, and hence he was within the scope of his service when walking at this place." Milwaukee Western Fuel Co. v. Industrial Commission, 159 Wis. 635, 642 (150 N. W. 998). It is to be noted that in the instant case the employee was not in a place where he was forbidden to go at the time of his injury, but was actually on the premises of his employer, and in fact in the boiler-room, the particular place on the premises of his employer where he worked.

It follows that the court below correctly found that the only legal deduction to be made from the evidence in this case, which was undisputed, was that the alleged injury to the employee arose out of and in the course of his employment. In reversing the finding of the commission in this case, the learned trial judge rendered an able opinion, which, in our opinion, expresses the correct principles of law applicable to this particular case.

*Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.*