22874. CARTER *v.* METROPOLITAN LIFE INSURANCE COMPANY.

JENKINS, P. J. The plaintiff sued the insurance company on an accident and health insurance policy providing disability benefits, on account of an injury to his left eye. The company's defense was based upon a clause in the policy, that "this insurance shall not cover injuries arising out of, *or in* the course of, any employment for wage or profit." The facts are not in dispute. On the day of the injury the plaintiff was working on Peachtree road in or near Atlanta. His duties were to "send stuff up to the men on poles," which were being set for Georgia Power Company

or a corporation in charge of the work for that company. Having to attend to a call of nature during his work, he went across the street or road to a patch of woods; and while crossing the street on his return, some one whom he did not know, but in his claim said a "striker" (the record does not show any former relationship of the "striker" with plaintiff's employer, although this is assumed by counsel), threw a stick out of a passing automobile, striking him in the eye. Defendant introduced the record and papers before the Department of Industrial Relations, which showed that the plaintiff, by a signed agreement with his employer, approved by the department, claimed and was awarded compensation for his injury under the workmen's compensation act, section 2(d) of which provides that the injury shall be one "arising out of and in the course of employment." The municipal court found for the plaintiff against the insurance company. On appeal the appellate division reversed this judgment, and awarded a final judgment for the company. The superior court overruled the plaintiff's certiorari, and to this he excepted. *Held:*

1. An employee is not estopped or debarred by an agreement with his employer, or an approval and award thereon, for compensation for an injury under the workmen's compensation act, from maintaining an action against an insurance company which was not the carrier of the employer's liability insurance or a party to the agreement or award under the compensation act or involved in any tort causing the injury, upon a health and accident policy of such company, for benefits because of such injury. Neither the act itself nor any principle of estoppel or legal rule will permit the company to relieve itself from the obligations of the policy by showing that the plaintiff has already received or is receiving compensation for the same injury from his employer or the insurance carrier through a voluntary agreement of the parties at interest. Nor does an award under the act constitute an adjudication as to the rights and remedies of the plaintiff in relation to the defendant company. The question is not what was agreed and determined in the workmen's compensation proceedings, but whether or not a recovery can be had under the terms of the policy and the facts of the injury. See 28 R. C. L. 832 (§ 119). As to the effect of a voluntary settlement on an award under the act, see *U. S. Casualty Co.* v. *Smith*, 34 *Ga. App.* 363, 366 (129 S. E. 880).

2. While the particular question under facts similar to those in this case has not been decided by our courts, the recent decision in *Ocean Accident & Guaranty Co.* v. *Farr*, 47 *Ga. App.* 110 (169 S. E. 684), is closely analogous; and the decisions of other jurisdictions are persuasive authority in construing the language of compensation acts which are almost identical with that of the instant policy. The overwhelming majority support the contention of the defendant company that an injury such as that here shown is one "arising out of or in the course of the employment." The interruption of plaintiff was but temporary in order to attend to a call of necessity. The employer had provided no toilet facilities, and none appear to have been available other than as sought by the plaintiff, from which he was returning when injured. "It has been held that acts of ministration by a servant unto himself, such as

quenching his thirst, relieving his hunger, protecting himself from excessive cold," or while seeking shelter from a storm during working hours, where the employee intends to return to work after the storm passes, "and numerous others, readily conceivable, performance of which while at work is reasonably necessary to his health and comfort, are incidents of his employment and acts of service therein, . . though in a sense they are personal to himself and only remotely and indirectly conducive to the object of his employment; and that an accidéntal injury sustained in the performance of such act is compensable as one incurred in the course of the employment and resulting therefrom." 28 R. C. L. 803, 804; Archibald v. Ott, 77 W. Va. 448 (87 S. E. 791, L. R. A. 1916D, 86, 1013); notes in 29 A. L. R. 434; L. R. A. 1916A, 232, 317 et seq.; 8 R. C. L. Supp. 6225 et seq. In many of the decisions, the employee at the time of the accident was on premises other than those of the employer, attending to a necessity as in this case. See G. N. Express Co. v. District Court of Ramsey County, 142 Minn. 410 (172 N. W. 310, 18 N. C. C. A. 1041); Fearnley v. Bates, 86 L. J. K. B. 1000 (15 N. C. C. A. 266); Hanley v. Boston Elevated Ry. Co. (Mass.), 12 N. C. C. A. 565; Houston R. Co. v. Turner, 99 Tex. 547 (91 S. W. 562); Hagenback v. Leppert, 66 Ind. App. 261 (117 N. E. 531, 1 W. C. L. J. 64); Madden v. Whitham, 36 N. J. L. J. 113 (12 N. C. C. A. 556); Putnam v. Murray, 6 N. Y. St. Dep. Rep. 355 (12 N. C. C. A. 556); Cino v. Morton Co., 5 N. Y. St. Dep. Rep. 387 (12 N. C. C. A. 79). See also Weldon v. Skinner Corp., 103 Wash. 243 (174 Pac. 452); Neice v. Farmers Cooperative Co., 90 Neb. 470 (133 N. W. 878); Zabriskie v. Erie R. Co., 86 N. J. L. 266 (92 Atl. 385, 4 N. C. C. A. 778; L. R. A. 1916A, 315).

3. Under the law and the undisputed facts, the appellate division of the municipal court did not err in awarding a final judgment for the defendant, and the superior court did not err in overruling and dismissing the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED AUGUST 18, 1933.

*Eldon Haldane,* for plaintiff.
*Smith, Smith & Bloodworth,* for defendant.