26343. AUSTIN *v.* GENERAL ACCIDENT, FIRE, AND LIFE ASSURANCE CORPORATION *et al.*

482

DECIDED SEPTEMBER 30, 1937.

*Samuel L. Eplan,* for plaintiff.

*John M. Slaton, James J. Slaton,* for defendants.

GUERRY, J. Upon review by the full board of the Department of Industrial Relations, the award of the sole director, in favor of the claimant for compensation under the workmen's compensation act, was reversed and compensation denied. This award was affirmed by the judge of the superior court on appeal. On a review of the award of a single director the full board acts as a fact-finding body, and may reverse the award of the single director although there be some evidence to support his findings. Code, § 114-708. This court, in reviewing an award by the full board denying compensation, must accept that evidence most favorable to the employer; and if, so viewed, it authorizes an award denying compensation under the provisions of the workmen's compensation act, it must be affirmed. So viewing the evidence in the present case, it disclosed that the claimant, at the time of her injury, was employed by the Henry Grady Hotel Company as an elevator operator. She had no other duties. She was allowed at least one 15-minute rest period every day and some days two, according to the number of hours she worked, and during these rest periods she was at liberty to obtain water, attend to a call of nature, or to do anything else that she pleased, in or out of the building in which she worked, the only requirement being that she be back on the job at the end of fifteen minutes. During one of these rest periods, desiring to obtain some cold water to drink, she went into the basement of the hotel, and, in attempting to obtain some ice out of a machine used to crush ice, her hand was severely injured by some of its moving parts. Close by this machine was located a spigot which was connected with the circulating cool-water system of the hotel, which was in good working order at the time of the injury, which was in plain view, and which the claimant must have passed at least forty or fifty times since being employed there. While the rest periods were given to

claimant for the purpose of getting water or relieving herself as to a call of nature, if at any time during her work she desired water, she could have it brought to her, and this was often done; and if while she was on duty an emergency arose whereby it was necessary for her to answer a call of nature, she would be relieved temporarily from her duties. It is plain, under the decision of the Supreme Court in *Ocean Accident & Guarantee Corporation* v. *Farr,* 180 *Ga.* 266 (178 S. E. 128), reversing 47 *Ga. App.* 110 (169 S. E. 684), that under this evidence the injury to the claimant did not arise out of her employment, and that the award of the full board denying compensation must be affirmed. In the *Farr* case the employee was injured during his noon hour, which the court observed he could employ as he chose. There the employee had been in the habit of bringing his lunch with him and eating it in the boiler-room where he was employed, and had gone to a wash-room upstairs to wash his hands before eating, and fell when returning to the boiler-room. The court held that the finding of the Department of Industrial Relations that the injury did not arise out of employee's employment was authorized. In neither the present case nor in that case was the employee required to remain on the premises, and the employer gave no instruction and attempted to exercise no control over their movements during the intermission from work. The *Farr* case is directly in point, and is controlling authority. The judgment affirming the award of the full board is therefore

*Affirmed. Broyles, C. J., and MacIntyre, J., concur.*