## 26681. MERRY BROTHERS BRICK & TILE CO. *v.* HOLMES.

282

DECIDED FEBRUARY 5, 1938.

*Bussey & Fulcher,* for plaintiff in error.

*Nathan Jolles, C. Wesley Killebrew,* contra.

SUTTON, J. Mattie Holmes, as the widow of J. D. Holmes, filed a claim for compensation with the Department of Industrial Relations, Holmes, while in the employ of Merry Brothers Brick & Tile Company, having sustained, on March 13, 1936, an accidental injury which arose out of and in the course of his employment and resulted in his instant death. The employer denied liability on the sole ground that the claimant was not the lawful widow of the deceased. It is conceded that on December 15, 1915, the claimant went through a marriage ceremony with one Marion Hicks, a proper license having been obtained and the ceremony having been performed by a duly-licensed minister, but the claimant contends that at such time she was less than fourteen years of age and that, therefore, under the law, the marriage was void, and that she was able to and did contract a lawful common-law marriage with the deceased in 1924. It is contended by the employer that the claimant was fourteen years of age at the time of her marriage to Marion Hicks, and that she was his lawful wife at the time of the death of J. D. Holmes. A hearing was had before a single director, who found in favor of the claimant. Thereafter an appeal was made to the full board, and after a rehearing the full board reversed the finding of the single director, who had made an award in favor of the claimant, and held that at the time of her marriage to Marion Hicks she was not less than fourteen years of age, and that, consequently, no valid common-law marriage was entered into. On appeal to the superior court the finding of the full board was reversed on the ground that the finding was not authorized by the evidence.

The evidence shows that the ceremonial marriage was undissolved, and the sole issue is as to the age of the claimant at the time of her marriage to Marion Hicks on December 15, 1915. She testified that from what her mother told her she was "going on" thirteen years of age at that time, that Hicks lived with her only two months thereafter, and that she subsequently entered into the common-law marriage with Holmes. It was shown by the evidence that both she and Holmes held themselves out as man and wife and lived together. While the mother of the claimant testified on the first hearing that she had so many children she could not keep track of their ages, she testified on the second hearing that the family Bible, since destroyed by fire, showed, when in her possession, that the claimant was born in 1902. In 1915, therefore, the claimant could not have been fourteen years of age, if that record be true. Another witness testified to having seen such date recorded in the same family Bible. There was also some opinionative evidence as to the claimant's age being less than fourteen.

The evidence relied on by the full board as rendering the claimant's ceremonial marriage valid was that of Marion Hicks and an uncle of the claimant. Marion Hicks testified that at the time of the marriage he did not know the claimant's age, had never asked her or heard her say, but that in his opinion she was between fourteen and twenty years of age, was a grown woman, fully developed, that she was able to and did copulate with him, and that from her appearance he believed that she was more than fourteen years of age. The uncle testified that he had known the claimant all of her life, was present at the ceremonial marriage, that her mother was there, that the claimant knew what she was doing, that she was grown and old enough and big enough to marry. The probative value of such evidence was a question to be determined and passed upon by the full board. It was admissible as to the ultimate fact of the claimant's age, and, even if it be called secondary, furnished a basis from which implications might reasonably be drawn. In *Bull* v. *Carpenter*, 32 *Ga. App.* 637, 639 (124 S. E. 381), it was said: "'A verdict which is entirely without any evidence to support it is contrary to law, but a verdict based upon secondary evidence introduced without any objection may be valid, and the same is true where the verdict rests upon sufficient testimony possessing probative value, even

though such testimony would not have been competent if a timely and appropriate objection had been made at the trial.'" (Citing.) It has been specifically held that a witness, after stating the facts on which his opinion is based, may give his opinion as to the age of a person. *Dixie Mfg. Co.* v. *Ricks,* 28 *Ga. App.* 160 (110 S. E. 454); *Hood* v. *Duren,* 33 *Ga. App.* 203 (4) (125 S. E. 787). While there was uncontradicted evidence that the birth of the claimant was shown by the family Bible to have occurred in 1902, from which the inference might be drawn that at the time of her marriage in 1915 she could not have been more than thirteen years of age, still the full board was authorized to base its finding on the opinions of the two witnesses above mentioned, notwithstanding that the single director in the first hearing made a finding that at such time she was less than fourteen years of age. In *Austin* v. *General Accident &c. Cor.,* 56 *Ga. App.* 481 (193 S. E. 86), it was held: "On a review of the award of a single director the full board acts as a fact-finding body, and may reverse the award of the single director although there be some evidence to support his findings. Code, § 114-708. This court, in reviewing an award by the full board denying compensation, must accept that evidence most favorable to the employer; and if, so viewed, it authorizes an award denying compensation under the provisions of the workmen's compensation act [sections 114-101 et seq.] it must be affirmed."

"'Not only may an issue of fact arise from contradictory evidence, but 'implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain an issue of fact despite uncontradicted evidence in regard thereto.' *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577). In order to render any finding of fact demanded as a matter of law, not only must there be no controversy in the evidence material to the issue involved, but the implications and inferences which logically and properly arise from the evidence must necessarily lead to only the one conclusion. The superior and appellate courts alike are bound by a finding of fact made by the Department of Industrial Relations, where it is thus authorized under the proved facts or logical and proper inferences therefrom, and where the finding is not manifestly based upon some legally erroneous theory, inference, or conclusion which clearly controlled an intermediate vital infer-

ence or conclusion, or the final conclusion. In the latter event, the award will be reversed or affirmed with direction." *Employers Liability &c. Cor.* v. *Woodward,* 53 *Ga. App.* 778 (3) (187 S. E. 142).

The marriage to Marion Hicks being valid and undissolved, the common-law marriage to J. D. Holmes in 1924 was a nullity. *Irving* v. *Irving,* 152 *Ga.* 174, 176 (108 S. E. 540, 18 A. L. R. 188); *Collins* v. *Collins,* 165 *Ga.* 198 (140 S. E. 501). Consequently, at the time of the death of J. D. Holmes, the claimant was not his lawful widow and was not entitled to the benefits of compensation under the workmen's compensation act. The finding of the full board being authorized, it was error for the superior court to reverse that finding, notwithstanding any evidence on which the award of the single director might be based.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*