28572. AMERICAN MUTUAL LIABILITY INSURANCE CO. *et al. v.* JENKINS.

DECIDED NOVEMBER 29, 1940.

*Neely, Marshall & Greene,* for plaintiffs in error.

*E. W. Maynard, S. G. Jones, E. T. Gammage,* contra.

STEPHENS, P. J. The claimant applied for compensation on November 1, 1938, and an award was rendered in her favor on February 7, 1939, by Director Land. It appeared from the evidence that the claimant had sustained an accidental injury on July 30, 1930, while engaged in the performance of the duties of her employment with the Independent Laundry Company; that under an agreement she was paid compensation for four and one-third weeks; that she returned to work, and no further compensation was paid to her. Whereupon she filed a claim with the Industrial Board for compensation. It further appeared that the director rendered an award in favor of the claimant, finding that she was fifty per cent. disabled as a result of her injury, and able to perform light work only. This award of the director was reversed by the board

on April 20, 1932, in which decision it was provided that "if at any time in the future there is any change in the status of the employer and employee, resulting in a decrease of pay as a result of disability from this injury, the case will be reopened." The board found that while the claimant had sustained an accidental injury she was suffering no disability therefrom, and was able to perform certain light duties for her employer at her regular wages. No appeal was taken from this award. The award of February 7, 1939, was set aside by the board, on the ground, among others, that there had not been a change in the condition of the claimant since April 20, 1932, the date of the previous award denying compensation. The board found as a fact that the claimant "is not now suffering any incapacity for work, and is physically able to earn the same wage she was earning at the time the injury occurred." The claimant's evidence tended to show that she was able to do the kind of work she had been doing in 1932, at the time of the previous award of Director Land, which was set aside by the board, and from which there was no appeal; and that when she worked she received the same wages as before her injury.

Therefore the finding of the board, now under consideration, again denying compensation to the claimant and setting aside the former award of the director in which compensation was awarded to the claimant, was not without evidence to support it. Findings of fact by the board are binding upon all courts, where supported by any competent evidence. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75). "On the review of an award by a director of the Industrial Board, the board acts as a fact-finding body and may reverse the award of a single director, although there be some evidence to support the finding of the director. In reviewing an award by the board denying compensation, this court must affirm the award of the board if the evidence favorable to the employer is sufficient to authorize the award denying compensation." *American Mutual Liability Ins. Co.* v. *Bond,* 62 *Ga. App.* 562 (8 S. E. 2d, 715). The board, in setting aside the award of the director, found as a matter of fact "that the claimant has not had a change in condition for the worse since the last award was rendered, and is not now suffering any incapacity for work, and is physically able to earn the same wage she was earning at the time the injury occurred;" and that the claimant herself had testified that "she in-

tended to return to this job as soon as the work was resumed."

It is true that the claimant testified that as a result of her injury she had not worked regularly since April 20, 1932, but had been unable to work for several intervals ranging from a few days to more than eight months, and that she had not been at work for the company since September 22, 1938. However, there was evidence which authorized the finding that the claimant was not then suffering any incapacity for work, and was physically able to earn the same wage that she was earning at the time the injury occurred; and that the reason she had not worked regularly and was not then employed was not due to her physical condition, but was due to the fact that her employer did not have work for her to do. She testified that she could still do the kind of work which she had been performing for the company since before April 20, 1932, but that she would still be in pain while doing that work, as she testified she was at the time of the hearing in 1932, and that she was not able to perform heavy work such as lifting bundles above her head, and had not been since her injury in July, 1930. The evidence authorized a finding that the claimant's condition had not changed, and that her capacity for work was the same at the time of the hearing on February 7, 1939, as it had been in 1932. "Upon their own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Department of Industrial Relations may at any time review any award or any settlement made between the parties and filed with the department and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this Title, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid." Code, § 114-709. The Industrial Board is not authorized to award compensation after there has been an award denying compensation for the same injury, unless there has been an actual change in the condition of the employee since the previous award. *Teems* v. *American Mutual Liability Insurance Co.*, 41 *Ga. App.* 100 (151 S. E. 826). There was sufficient competent evidence to support such finding of fact, in the claimant's own testimony, and in the testimony of others introduced as witnesses in her behalf. It necessarily follows (the above

finding of fact being binding on the superior court), that court on appeal erred in reversing and setting aside the award of the board, and in adjudging that the claimant was entitled to compensation.

*Judgment reversed. Sutton and Felton, JJ., concur.*