31344.   ATLANTIC STEEL COMPANY *v.* McLARTY.

DECIDED OCTOBER 3, 1946.

*Jones, Williams & Dorsey,* for plaintiff in error.
*Edward B. Lovell,* contra.

PARKER, J. It is the contention of the plaintiff in error that the testimony of the claimant to the effect that his loss of vision began immediately after the accident of April 25, 1945, did no more than raise an inference that such loss of vision was due to the accident, and that this inference was conclusively rebutted and must yield to the direct testimony of the physician that the burns which the claimant sustained at that time did not injure the eye itself in any way, and that his blindness resulted from a detachment of the retina brought about by the progressive contraction of the old scar. The contention of the defendant in error is that the case is merely one of a finding of fact by the full board based on conflicting evidence, and that in the absence of fraud, if there is any evidence to support it, such finding is conclusive upon the courts. Upon a careful examination of the record this court agrees with the contention of the defendant in error. The proposition stated is so well established in this State that the citation of authority may be limited to a single case. See *Hartford Accident & Indemnity Co. v. Davis,* 73 *Ga. App.* 10 (35 S. E. 2d, 521), and cases cited.

The full board of the State Board of Workmen's Compensation in hearing an appeal from an award of a deputy director acts as a fact-finding body in a de novo investigation, and may enter an award approving or disapproving the award of the deputy director, and such award of the full board is binding upon the courts if supported by any competent evidence, although there be some evidence to support the finding of the deputy director. *American Mutual Liability Ins. Co. v. Jenkins,* 63 *Ga. App.* 777, 782 (12 S. E. 2d, 80). The full board on the appeal from the award of the deputy director, as a fact-finding body, was the sole judge of the credibility of the witnesses. It was authorized to find from the

testimony of the claimant that the substance which splashed into his eye caused an injury which resulted in at least a 50% impairment of the vision in that eye. It has been held that the testimony of an injured person as to the extent of his injuries may be believed in preference to the opinions of "a whole college of physicians" testifying to the contrary. See *City of Atlanta* v. *Champe*, 66 *Ga.* 659, 663, *Southern Ry. Co.* v. *Tankersley*, 3 *Ga. App.* 548 (1) (60 S. E. 297), *Southern Ry. Co.* v. *Petway*, 7 *Ga. App.* 659 (1) (67 S. E. 886), and *Great Atlantic & Pacific Tea Co.* v. *Dupee*, 71 *Ga. App.* 148, 153 (30 S. E. 2d, 365). In the final analysis, the testimony of the doctors as to the cause of the claimant's blindness was in the nature of opinions based on their observation and experience, while the claimant's testimony as to the cause, nature and extent of his injuries was based on personal facts and experience better known to him than to anyone else. See *Hall* v. *General Accident Assurance Corp.*, 16 *Ga. App.* 66 (2), 80 (85 S. E. 600), *Bituminous Casualty Corp.* v. *Jackson*, 68 *Ga. App.* 447 (23 S. E. 2d, 191), and *Maryland Casualty Co.* v. *Hopkins*, 71 *Ga. App.* 175 (30 S. E. 2d, 357).

Pursuant to the act of the General Assembly, approved March 8, 1945, requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Broyles, C. J., Sutton, P. J., MacIntyre and Gardner, JJ., concur.*

FELTON, J., dissenting. This is not a case wherein the fact-finding tribunal has a choice of accepting expert testimony or not in preference to positive testimony to the contrary. The burden is on the claimant to show that the injury resulted from the accident. If the evidence shows two opposing inconsistent theories, one as reasonable as the other, the plaintiff fails to make out a case. Whether we can go as far as the dissenting opinion in *Continental Casualty Co.* v. *Bennett*, 69 *Ga. App.* 683 (26 S. E. 2d, 682), where Judge Broyles stated: "But in a case like this where the vital question in issue can be solved only by such testimony, and where the material and controlling parts of the testimony are uncontradicted, the testimony should and must be accepted as stating the truth,"—the expert testimony at least set up a theory as reasonable, if not more so, than that the accident caused the injury. The

claimant did not testify and he could not, not being an expert, that the acid caused the injury. Furthermore, Dr. Clay testified *as a fact* that there was no injury to the eyeball as a result of the acid being thrown in it. This fact is uncontradicted by any evidence that is necessarily inconsistent with it, and under the rule in such cases the testimony cannot be arbitrarily disregarded. Even if Dr. Clay had not added his expert opinion to the statement of fact just referred to, a finding in accordance with his opinion was demanded because if the acid caused no injury to the eyeball the acid could not possibly have caused the blindness.