34042. ETHERIDGE *v.* LIBERTY MUTUAL INSURANCE Co. *et al.*

CARLISLE, J. 1. An appeal from an award of compensation, made by one of the directors of the State Board of Workmen's Compensation to the full board, opens the entire case as a de novo proceeding; and the board, on review, acting as a fact-finding body, may reverse the award of the single director either from the evidence taken by the single director, or from additional evidence taken by the order of the full board. *Burel* v. *Liberty Mutual Insurance Co.,* 56 *Ga. App.* 716 (3) (193 S. E. 791); *Peninsular Life Insurance Co.* v. *Brand,* 57 *Ga. App.* 526 (196 S. E. 264); *Watkins* v. *Hartford Accident & Indemnity Co.,* 75 *Ga. App.* 462 (43 S. E. 2d, 549); *American Mutual Liability Insurance Co.* v. *Jenkins,* 63 *Ga. App.* 777 (12 S. E. 2d, 80); *Austin* v. *General Accident &c. Assurance Corp.,* 56 *Ga. App.* 481 (193 S. E. 86); *Merry Brothers Brick & Tile Co.* v. *Holmes,* 57 *Ga. App.* 281 (1) (195 S. E. 223); *American Mutual Liability Insurance Co.* v. *Bond,* 62 *Ga. App.* 562 (1) (8 S. E. 2d, 715).

2. Findings of fact made by the State Board of Workmen's Compensation, reversing the finding and award of a single director thereof, when supported by any competent evidence, are binding upon the court. *Travelers Insurance Co.* v. *Roebuck,* 77 *Ga. App.* 739 (49 S. E. 2d, 788); *Hughes* v. *Hartford Accident & Indemnity Co.,* 76 *Ga. App.* 785 (47 S. E. 2d, 143).

3. It appears from the record in this case that although the single director found that the claimant's injury arose out of and in the course of his employment by virtue of the claimant's having been injured while riding home in one of the employer's trucks, and found that the use of the employer's trucks by the employees to ride to and from work was a practice permitted and/or acquiesced in by the employer—the full board found, from competent evidence in the record, that the practice of employees using the employer's trucks was forbidden, not permitted and not acquiesced in, and that the injury did not arise out of and in the course of the claimant's employment; and the superior court did not err in affirming the award of the full board denying compensation.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JULY 1, 1952.

*Irwin & Dyer,* for plaintiff in error.

*Marshall, Greene, Baird & Neely, Burt DeRieux,* contra.