34365. FRANKLIN, for use, etc., *v.* GEORGIA LIFE & HEALTH INSURANCE COMPANY.

DECIDED MAY 1, 1953—REHEARING DENIED MAY 15, 1953.

*Lawson E. Thompson,* for plaintiff in error.
*Earle Norman,* contra.

FELTON, J. There was no evidence of fraud on the part of the insured. The only question is whether there was sufficient evidence to authorize the jury to find that the insured was seventy years of age at the time of the issuance of the policy. The policy was issued June 15, 1950. The defendant sought to prove that the insured was seventy years old at the time of the issuance of the policy, in two ways: first, by showing that he had been on the welfare-department rolls for a sufficient length of time; and second, by his age as it appeared to a witness. Assuming for the sake of argument only that the insured's age could be proved by the mere testimony of a witness that the insured had been on the welfare rolls long enough to show that he was seventy years old on June 15, 1950, if he was put on such rolls on account of his age, the proof does not show the reason for the insured's being on the rolls. It might have been by reason of his blindness. So the first type of evidence was insufficient to show that the insured was seventy years old on June 15, 1950. Miss Harris, a witness for the defendant, testified as follows: "I am connected with the public health department of Wilkes County and have been in Wilkes County since November, 1949. I have visited a colored man by the name of John Henry Huff. I visited him at the home of Lila Franklin on July 13, 1950,

and at the home of Lizzie Sutton on February 8, 1951. He was a very old man. He was far beyond fifty at the time I visited him. I couldn't state definitely the condition of his eyes; he appeared to be blind. I would say he was at least seventy years of age at the time I saw him. I did not make any investigation as to his age then except from appearance." Whether Miss Harris meant that the insured appeared to be at least seventy on July 13, 1950, or February 8, 1951, her testimony was not sufficient to authorize a finding that the insured was seventy years old on June 15, 1950.

.It is not necessary to pass on the special grounds.

The court erred in denying the amended motion for new trial.

*Judgment reversed. Sutton, C. J., Gardner, Townsend, and Carlisle, JJ., concur. Worrill, J., dissents.*

WORRILL, J., dissenting. I dissent from the judgment of reversal on the general grounds of the amended motion for new trial, for the following reasons: The insurance policy on the life of the insured in the present case was issued on June 15, 1950. A Miss Harris, a witness for the defendant, testified that she visited the insured on July 13, 1950, which was about a month after the issuance of the policy, that he appeared to be blind, and that in her opinion he was "at least 70 years of age at the time I saw him." Another witness for the defendant, who was a member of the public health department of Wilkes County, and who had occasion to visit the insured, testified that "in my opinion he was a very old man." The weight and credibility of this testimony was for the jury. The fact that other testimony of the witness, Miss Harris, showed that her statement as to the age of the insured was an opinion based on casual observation of his physical condition did not render such evidence without probative value. See *Dixie Manufacturing Co. v. Ricks*, 28 *Ga. App.* 160 (1) (110 S. E. 454); *Merry Bros. Brick & Tile Co. v. Holmes*, 57 *Ga. App.* 281, 283 (195 S. E. 223).