## 34785. DAVIS v. AMERICAN MUTUAL LIABILITY INS. CO. *et al.*

Decided October 24, 1953.

58

*Robert L. Mitchell, Joel C. Bostian, Thomas J. Jones,* for plaintiff in error.

*Harry Greene, Marshall, Greene, Baird & Neely, Burt De-Rieux,* contra.

SUTTON, C. J. Code § 114-708 provides in part that, upon timely application for review of an award by a single director, "all of the directors shall review the evidence . . . and shall make an award and file the same in like manner as specified in the foregoing section, together with their rulings of law in the premises." On such a review, the full board acts as a fact-finding body, and, when authorized by the evidence, it may reverse the award of the hearing director, although his findings are supported by some evidence. The findings of fact by the full board are binding on this court, if supported by evidence. *Austin* v. *General Accident &c. Corp.,* 56 *Ga. App.* 481 (193 S. E. 86) ; *Merry Bros. Brick &c. Co.* v. *Holmes,* 57 *Ga. App.* 281 (1) (195 S. E. 223) ; *American Mutual Liability Ins. Co.* v. *Bond,* 62 *Ga. App.* 562 (1) (8 S. E. 2d 715) ; *Atlantic Steel Co.* v. *Mc-Larty,* 74 *Ga. App.* 300, 303 (39 S. E. 2d 733).

The evidence tending to sustain the findings of the full board is as follows: Dr. William S. Bondurant deposed that the claimant had a congenital defect known as a spondylolisthesis between the lumbar and sacral vertebrae; that he performed a spine fusion on the claimant on April 18, 1952; that the nature of the claimant's congenital defect was a failure of the proper supporting structures to be locked in place in the formation of the spine, as a result of which there was instability in the lower back, the spine had an abnormal amount of motion at that point, and the upper column of bones could slide forward on the lower column at the point of defect; that the claimant did not have a ruptured disc; that it takes a year for a spine fusion to become solid enough to permit heavy manual labor; that the claimant stated he had pain prior to April 7, which suddenly became more severe, although of the same type he had previously felt from coughing or sneezing; that any movement producing strain on the lower

back would have aggravated his pain; that he could only tell that the claimant's back had slipped, and not when it had slipped; that it is not necessary to have a severe strain at any one particular time to aggravate such a congenital condition; that, if a man developed pain down the left leg a year previously, he would have received some strain at that time, and, as he did various things, that would cause his condition to get worse and finally come to a head as a result of a great number of strains over a period of years.

The cliamant testified that he was pushing a rack on April 7, 1952, without any strain, when he felt his back give; that before this time he had some suffering and occasional pain; that he told Dr. Kristoff that he hurt his back in 1948 while working for another company, received compensation for that injury, and suffered some light pain since that time; that in 1951 the pain began to run down his left thigh; that he reported his back injury to the Columbia Baking Company's assistant superintendent, Mr. Perkins, on April 8, 1952, and had previously mentioned to Perkins on several occasions that his back bothered him; that his back nagged him when he would lift or when he would pull something that was too heavy; and that, after sustaining severe pain while pushing the bread rack, he rested for a short time, resumed his work, and then went home an hour later.

Louis A. Perkins testified that the claimant told him that his back was killing him, as it had done during the whole time he was there; that the claimant told him about a week before he quit that he might have to have an operation.

The report of one of the physicians examining the claimant on April 8, 1952, stated that the patient's chief complaint was of backache of three and one-half years' duration and left sciatica of one year's duration; that the claimant had been having low backache most of the time since his injury in 1948, with exacerbations and remissions in turn—that is, growing worse and then getting better at times; that the pain began to run out to his left leg one year previously; that his pain is aggravated by stooping, lifting, coughing, and sneezing; that X-rays showed a bilateral isthmus defect of the fifth lumbar vertebra.

It also appeared that the claimant had applied for and obtained disability benefits under an employees' group insurance policy, for non-occupational disability.

Under the evidence, the findings of the full board—to the effect that the claimant's back defect was congenital and had been aggravated by his injury in 1948 while working for another employer, that prior to April 7, 1952, he had complained of his back and had informed his employer that he would have to have it operated upon, and that his disability was not related to his employment by the Columbia Baking Company—were authorized, and, upon these findings, the claimant was not entitled to compensation. The superior court did not err in denying the appeal and affirming the award of the full board, denying compensation to the claimant.

*Judgment affirmed. Felton and Quillian, JJ., concur.*