36922. McKERLEY *v.* UNITED STATES FIDELITY & GUARANTY COMPANY *et al.*

CARLISLE, J. This is an appeal from an award of the State Board of Workmen's Compensation which in part denied the plaintiff in error's claim for compensation on account of temporary total disability alleged to have resulted from an accidental injury received while in the employ of the Lovable Brassiere Company. The award of the deputy director of the board, which upon appeal to the full board was, by that body, adopted as its award, found that the claimant sustained an accidental injury resulting in a back strain or aggravation of a pre-existing back strain from which injury the claimant was disabled from October 5, 1955, until he went to work for another company in February of 1956, and the award granted compensation at the rate of $27 per week during that period. The deputy director further found, as a matter of fact, that any disability that the claimant suffered after he left the other employer was due to disease and another accident, neither of which had anything to do with his employment with the Lovable Brassiere Company, and that the accidental injury sustained while in Lovable's employ did not contribute to, or cause such subsequent disability. *Held:*

724

While there was some conflict in the expert medical testimony and opinions of the doctors who testified, there was evidence to the effect, and the director was authorized to find, that the pain and disability to his back suffered by the claimant after February, 1956, was due to subsequent work performed by the claimant for another employer for whom he worked during March, April and May, 1956, doing work of a more or less strenuous nature, during which period he had no difficulty with his back, and that in May of 1956, while working for the other employer and while mopping, scrubbing and cleaning bowling alleys, he suffered a new injury to his back which was the cause of his subsequent pain and disability, and that his subsequent disability had no relation to the original injury suffered while he was in the employ of the defendant employer. There was also evidence to the effect that the claimant suffered from "stomach trouble" which at times was disabling and which contributed, at least to some extent, to his current disability. Where there is any evidence to sustain the findings of fact by the director and the board, such findings and the award based thereon will not be disturbed by the courts. *Davis* v. *American Mutual Liability Ins. Co.*, 89 *Ga. App.* 57, 59 (78 S. E. 2d 557). We cannot say that the judge of the superior court erred in affirming the award of the State Board of Workmen's Compensation denying compensation for disability subsequent to February, 1956. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 27, 1957.

*Kermit C. Bradford,* for plaintiff in error.
*Melburne D. McLendon, Bryan, Carter, Ansley & Smith,* contra.