37707. THANE *v.* MARYLAND CASUALTY COMPANY *et al.*

QUILLIAN, Judge. Where, upon the hearing of a death claim by a widow for workmen's compensation conducted before a single director, who found that the husband employee was a bartender, who frequently worked until four a.m., and was voluntarily taken home by another employee in the automobile of another employee, without additional remuneration; and where the Benevolent Protective Order of Elks of Buckhead, the employer, who was aware of this practice, did not consider such transportation as additional remuneration; and where the husband employee was killed one morning on his way home from working until four a.m., and further found that his death did not arise out of and in the course of his employment, and the director denied compensation to

the employee's widow, which award, was, on appeal to the State Board of Workmen's Compensation, adopted, after using the same evidence adduced upon the hearing before the single director, the denial of compensation was authorized, and the superior court, on appeal is without authority to reverse the finding of the entire board, affirming the single director's denial of compensation to the claimant. *Samples* v. *Liberty Mutual Ins. Co.*, 99 *Ga. App.* 41 (107 S. E. 2d 574), and numerous citations.

Judgment affirmed. *Felton, C.J., and Nichols, J., concur.*

DECIDED JUNE 29, 1959.

*Smith, Swift, Currie & McGhee, Glover McGhee,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Herbert A. Ringel,* contra.