46140.   TRAVELERS INSURANCE COMPANY et al. v. BUICE.

BELL, Chief Judge. In this workmen's compensation case the claimant was granted differential compensation for partial incapacity under *Code Ann.* § 114-405 in a prior proceeding. Thereafter the insurer-employer requested a hearing upon a change of condition. The deputy director who heard the case made findings of fact that a change of condition had been shown and made an award authorizing the cessation of further compensation to claimant for partial incapacity. On review by the full board, the deputy director's findings of fact and award were set aside. The board made findings of fact that the medical evidence showed there had been no appreciable change in the physical condition of the claimant; that in her impaired condition she had been unable to obtain suitable employment; and therefore her economic situation had not changed. The board authorized and directed the continuance of the payments of compensation in accordance with the earlier award. On appeal the superior court affirmed. Seventeen errors are enumerated which are repetitious and raise only two questions for decision.

1. The deputy director made a finding of fact that the claimant's credibility on the stand was questionable when she appeared before him at the hearing. It is now contended that the full board on review acted unlawfully because it based its decision only upon the "cold record" of the prior hearing conducted by the deputy director and that in view of the finding of fact by the deputy director which is a finding that the claimant was not creditable, the full board erred by not hearing this witness personally. We do not agree. The board did not act in excess of its powers or proceed upon any erroneous legal theory by not personally hearing the claimant's testimony. On review from an award to the full board the entire case is a de novo proceeding and the board acting as a fact-finding body may reverse the award of the deputy director either from the evidence taken by the deputy or from additional evidence taken by order of the full board. *Etheridge v. Liberty Mut. Ins. Co.,* 86 Ga. App. 369 (1) (71 SE2d 526). In acting upon the prior award, the full board as a fact-finding body is the sole judge of the credibility

of the witnesses. *Atlantic Steel Co. v. McLarty,* 74 Ga. App. 300, 303 (39 SE2d 733). The board *in its discretion* may hear the parties at issue, their representatives and witnesses on review of the prior proceeding. *Code Ann.* § 114-708. *Pacific Employers Ins. Co. v. West,* 213 Ga. 296, 298 (99 SE2d 89). Further, it does not appear from the record that the employer-insurer ever offered the claimant as a witness before the full board or made any request that she be called.

2. The findings of fact and the award of the board are all authorized by the evidence. These findings are binding upon the courts. *Atlantic Steel Co. v. McLarty,* 74 Ga. App. 300, supra; *Etheridge v. Liberty Mut. Ins. Co.,* 86 Ga. App. 369, supra; *Fralish v. Royal Indemn. Co.,* 53 Ga. App. 557 (2) (186 SE 567).

*Judgment affirmed. Pannell and Deen, JJ., concur.*

Argued April 5, 1971—Decided September 7, 1971—
Rehearing denied October 20, 1971.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellants.
*Talmadge Woodman,* for appellee.