26238. BUREL *et al.* v. LIBERTY MUTUAL INSURANCE Co. *et al.*

STEPHENS, P. J. 1. Whether or not a minor child living with its parent, and who is working and receiving a wage, contributes to the parent's support and thereby renders the parent partially dependent on the child for support, is determinable according to the facts and circumstances of the particular case, from the amount contributed by the child, the frequency of the contribution, the continuity of the contribution, whether in cash or in supplies, the necessities of the parent, the amount of the earnings of the parent, and the necessity of the child's contribution and the legal or moral obligation to contribute to the parent's support. *Maryland Casualty Co.* v. *Campbell,* 34 *Ga. App.* 311 (129 S. E. 447).

2. Where a father receives a wage which may be sufficient to support himself and family in their station in life, and the father is not in need of the earnings of any one of his children for his support or the support of the family, although one of the children may, at infrequent and indeterminable intervals, have contributed money and groceries in indeterminable amounts towards the support of the family, and may, although a minor legally dependent on the father for support, pay a fixed sum periodically to the father in payment of board for the child, and there being no legal obligation resting on the child to support the father, but on the other hand the father being under a legal obligation to support the child, the inference is not demanded as a matter of law that the father is to any degree dependent on the child's earnings for his support or the support of his family. Where the child, a girl of about nineteen years of age, while working in a shirt factory engaged in placing stick pins in a shirt, accidentally swallowed a pin which she had placed in her mouth, and an injury resulted from which she died, the Department of Industrial Relations in passing upon a claim for compensation under the workmen's compensation act, made by the child's father on the ground that the claimant was partially dependent on the child for support, was authorized by the evidence as

above indicated, to find that the claimant was not in any way dependent on the earnings of the child for support, and to deny compensation. The award of the Department of Industrial Relations denying compensation being authorized by the evidence, the superior court did not err in affirming the award.

3. An appeal from an award of compensation made by one of the directors of the Department of Industrial Relations to the full board opens the entire case as a de novo proceeding, and the board may, on a review of the case, render an award in favor of the employer and the insurance carrier denying compensation, notwithstanding the award of the single director appealed from awarded compensation to the claimant, and the appeal from the award of the single director to the full board was not made by the employer or the insurance carrier, but was made by the claimant alone on the ground that the amount awarded to the claimant as a matter of law was insufficient.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED NOVEMBER 13, 1937.

*Carpenter & Ellis,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.