31603. WATKINS *v.* HARTFORD ACCIDENT AND IN-DEMNITY COMPANY *et al.*

DECIDED JULY 16, 1947.

*Durwood T. Pye, Roland Melody,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

GARDNER, J. 1. On July 12, 1945, the claimant filed an application for compensation with the State Board of Workmen's Compensation for an injury caused by an accident arising out of and in the course of her employment. Many hearings were held on this application. The first one was on July 27, 1945, and the last on December 3, 1946.

The record in this case is unusually voluminous, containing over 260 pages. The evidence taken at the hearings consumes the larger portion of the record. The briefs of counsel are lengthy and in much detail relative to the respective contentions, as well as the law applicable thereto. We have studied the record and the briefs exhaustively and to the best of our ability. We see no good purpose that would be served by going into a detailed discussion of the evidence. The hearing director made the following award:

"Findings of Fact. From a preponderance of all the evidence adduced at the hearings in this case, I find as a matter of fact that the claimant sustained an accidental injury July 15, 1944, which arose out of and in the course of her employment and which resulted in a superficial burn of claimant's chest. I further find as a matter of fact that the disability from which claimant suffered as a result of said accident completely cleared up within a period of seven days. I further find as a matter of fact that the condition from which claimant is suffering at the present time is not related in any way or manner, directly or indirectly, to the accident sustained by claimant July 15, 1944. There is ample evidence in the record to support a finding of fact that claimant was suffering chronic colitis on July 15, 1944, and for some time prior thereto. Claimant contends that as a result of said accident she suffers nervousness, constipation, and headaches. According to claimant's own admission, she was suffering from frequent headaches and constipation on December 3, 1943. On June 9, 1944, Dr. James Murray certified to claimant's employer that claimant was nervous and the work she was doing at that time, namely, riveting, was too trying on her nerves, and recommended a change of work for claimant. The burden rested with claimant to establish by competent evidence that the disability from which she is now suffering is the result of the accident sustained by her July 15, 1944, or at least that said accident aggravated her pre-existing condition. This burden claimant has failed to carry. On the other hand, the preponderance of the testimony definitely establishes the fact that the ailments now complained of by claimant existed prior to July 15, 1944, and were in no way attributable to said accident.

"Award. Wherefore, based upon the above and foregoing findings of fact, it is the award of the undersigned director that claimant's claim for compensation be and the same is hereby denied. This the 29th day of July, 1946."

This award was appealed to the full board, for review. Notice was given to the parties of the assignment for a hearing before the full board. At the date set for hearing the claimant petitioned the full board to take additional testimony of Dr. Smith. The full board granted this request, and at the time named for taking the testimony of Dr. Smith, the employer asked leave to submit

additional testimony of Dr. Hutchins. Both requests were granted by the director. The additional testimony was taken and the record referred back to the full board. After notice of hearing to the parties, the full board passed the following order: "The above stated case came on for hearing before the full board November 25, 1946, upon application of claimant objecting to the award of Director Pat J. Riordan, dated July 29, 1946. After an exhaustive and painstaking review of the entire record in this case, the board is of the unanimous opinion that the award of Director Riordan, dated July 29, 1946, should be affirmed in its entirety, ample evidence being in the record to sustain the findings of fact contained in said award. "Award. Wherefore, it is the award of the full board that said award of Director Pat J. Riordan . . be and the same is hereby affirmed." The claimant thereafter duly appealed the case to the superior court. The judge of that court affirmed the award, stating that in his judgment the record contained abundant evidence which would have authorized an award in favor of the claimant, but that there was ample evidence in the record to sustain the award against her. It is on this judgment that error is assigned here. After considering the whole record, we are convinced that there is sufficient competent evidence to sustain the award of the hearing director and of the full board. This being so, this court is without authority to disturb the findings. Where there is any competent evidence to support an award, in the absence of fraud the superior court and this court are without authority to set it aside. The decisions to this effect are numerous. We will not cite them in detail, but one interested may examine the citations under the Code, § 114-710, and the supplement thereto, under the catchwords "Conclusiveness of finding" and "Evidence," and also under § 114-708, and the supplement thereto, under the catchwords "Conclusiveness of findings." It then necessarily follows that, insofar as the evidence goes, the superior court did not err in affirming the award for any of the reasons assigned.

2. (a) Counsel for the claimant earnestly insist that the judgment of the superior court should be reversed, under the record, for the reasons that, when a compensation case is appealed from the award of a single director to the full board, it is a de novo proceeding; that the full board did not so try the case, since there

was additional evidence of Dr. Smith taken after the case was referred to the full board; and that the full board in its final hearing did not consider this additional testimony. It is true that, when an appeal is made to the full board from an award of a single director, it is a de novo proceeding. *Burel* v. *Liberty Mutual Ins. Co.,* 56 *Ga. App.* 716 (3) (193 S. E. 791). The last portion of Code, § 114-708, dealing with this question states: "All of the directors may remand to a single director any case before them for review for the purpose of taking additional evidence; said evidence shall be delivered to all of the directors and it shall be *taken into account* before rendering any decision or award in such case." The full board is not obliged to take additional testimony. Whether it does or does not, the case is opened and the board becomes a fact-finding body. *American Mutual Liability Ins. Co.* v. *Jenkins,* 63 *Ga. App.* 777 (12 S. E. 2d, 80). And on review of an award of a single director, and acting as a fact-finding body, either from the evidence taken by the single director and submitted to them, or where additional evidence is taken by the order of the full board, they may reverse the award of the director though there may be some evidence to support his findings. *Austin* v. *General Accident &c. Assurance Corp.,* 56 *Ga. App.* 481 (193 S. E. 86); *Merry Bros. Brick & Tile Co.* v. *Holmes,* 57 *Ga. App.* 281 (1) (195 S. E. 223); *American Mutual Liabilily Insurance Co.* v. *Bond,* 62 *Ga. App.* 562 (1) (8 S. E. 2d, 715). It has been the general practice that where the full board approves the award of the single director, it does so without making any specific or new finding of fact different from that set out in the award of the single director. It will be noted that the section of the Code above quoted requires the full board, on review of a case, to take into account any additional testimony. There is nothing in this record to show that they did not do so, even though they did not specifically say so in an additional finding of fact. The full board did say this: "After an exhaustive and painstaking review of the entire record in this case, the board is of the unanimous opinion that the award of Director Pat J. Riordan, dated July 29, 1946, should be affirmed in its entirety, ample evidence being in the record to sustain the finding of fact contained in said award." It is evident, therefore, that the full board did take into "account" the additional testimony taken.

466

(b) It is further contended earnestly that the board erred in approving the award of the single director, which was rendered on July 29, 1946, after the additional evidence had been taken. It is contended that the full board should have made another and distinct finding of fact as of the date of its final award on November 25, 1946, since additional testimony had been taken in the meantime. The award before the board for review was the award of July 29, 1946, and the taking of additional testimony in no way necessarily altered it, if the full board in passing upon the credibility of the witnesses, and the force of the documentary evidence contained in the record, did not see fit to change the award of the single director. As stated above, it was a de novo proceeding and the board, as a fact-finding body, from the record of the evidence contained therein, could have changed the award of the single director, as we have hereinbefore observed, even though there was some evidence to support the award of the single director. But the full board was within its authority in sustaining the award of the single director, provided, of course, that the evidence did not demand a contrary finding. Of course, the superior court and this court have no such authority to deal with facts, where there is any competent evidence to support the final award. The evidence in this case does not demand a finding for the claimant. The superior court did not err in affirming the award of the State Board of Workmen's Compensation for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*