## 32141. TRAVELERS INSURANCE COMPANY
## *v.* ROEBUCK

Decided October 2, 1948.

*Neely, Marshall & Greene,* for plaintiffs in error.

*Marvin A. Allison, Charles C. Pittard, A. G. Lilies,* contra.

Parker, J. This is a workmen's-compensation case, wherein Mrs. V. D. Roebuck is claiming compensation from the City of Buford and its insurer, Travelers Insurance Company, because of the death of her husband. At the hearing the single director of the board made a finding awarding compensation. The insurer and employer appealed to the full board, which after considering the record reversed the single director, holding and finding that as a matter of fact the deceased, V. D. Roebuck, was not an employee of the City of Buford on June 15, 1945, the date of the injury which resulted in his death, and denying compensation. Upon appeal by the claimant to the superior court the judge thereof reversed the finding and award of the full board and entered a final judgment in favor of the claimant and granting compensation. The insurer and employer excepted.

There is evidence in the record which would amply support a finding by the board that the deceased had been employed by the City of Buford as a police officer for some two and one-half years prior to his death; that during the latter part of that time he had been chief of police with one other officer under him; that he also had been a deputy sheriff of the City Court of Buford during a part of this time; that on or about May 15, 1945, he had given the city notice of his intention to resign from the police force on May 31, and had in fact done so on that day; that while he retained his position as deputy sheriff of the City Court of Buford after that date, he did not thereafter at any time perform any of the duties as police officer of the City of Buford; that on the evening of June 15, 1945, he was picked up at his home by the city policeman driving the city automobile and went to the police station of the City of Buford, either at the request of the policeman or of his own volition, and remained there in company with the police officer and the Sheriff of the City Court of Buford from about 7:30 or 8:00 o'clock p. m. until a call to

quell a disturbance in the negro section of town was received, when he left of his own accord accompanying the sheriff and the policeman in the city automobile; that after quelling the disturbance the three officers returned to the city jail bringing one person to be jailed; that while the city policeman was "locking up" that person, the deceased, accompanied by his superior officer, the Sheriff of the City Court of Buford, without any instructions or directions from the policeman, returned to the negro section with the intention of arresting another person who had been arrested and who had escaped; and that while attempting to do so the deceased was shot by an unknown assailant and died as a result thereof two days later.

While the city manager, who did the hiring and firing of city employees, testified that, had the single police officer hired the deceased to assist him in any matter, he (the city manager) would have approved such action and would have paid any salary or wages thus earned by the deceased, the evidence of the policeman Dixon authorizes, if it does not demand, a finding that no contract of employment was entered into between him and the deceased on the night of the fatal shooting, or at any other time. He testified that he did not have the authority to hire anyone, and that he made no contract or trade with the deceased. While the city manager's testimony may tend to show that Dixon was mistaken as to his authority, it does not controvert his direct testimony that, not knowing of any such authority, he did not attempt to exercise it, and did not expressly or impliedly hire or employ the deceased to help him in performing his duties.

The argument is made by the defendant in error to the effect that the deceased was not performing a duty of his office as deputy sheriff, and that, if he was not acting as a city policeman at the time he was killed, he was a mere volunteer in attempting to make an arrest, and therefore in violation of the law, and that a violation of the law will not be imputed to his acts if any other reasonable construction can be placed upon them. We do not think that such reasoning applies to this case. The sole question here is whether the deceased was an employee of the City of Buford at the time he received the fatal injury, and he cannot be made an employee simply by a process of elimination if the facts do not definitely show that he was such.

The review by the State Board of Workmen's Compensation of a finding and award of a director thereof is a de novo hearing; and the board as a fact-finding body may render an award approving or disapproving the award of the director. Such findings and award by the board are binding on the courts where there is any evidence to support them, notwithstanding the fact that there may have also been evidence supporting the award of the director. *Merry Bros. Brick & Tile Co.* v. *Holmes,* 57 *Ga. App.* 281 (1,2) (195 S. E. 223); *American Mutual Liability Ins. Co.* v. *Bond,* 62 *Ga. App.* 562 (1) (8 S. E. 2d, 715); *American Mutual Liability Ins. Co.* v. *Jenkins,* 63 *Ga. App.* 777 (12 S. E. 2d, 80); *Watkins* v. *Hartford Accident & Indemnity Co.,* 75 *Ga. App.* 462 (43 S. E. 2d, 549); *Hughes* v. *Hartford Accident & Indemnity Co.,* 76 *Ga. App.* 785 (47 S. E. 2d, 143).

Since there was evidence supporting the award of the State Board of Workmen's Compensation, it follows that the court erred in setting it aside and in awarding compensation to the claimant.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*