34071. ROSE CITY FOODS INC. *et al. v.* USRY.

DECIDED JUNE 20, 1952.

*Forester & Calhoun,* for plaintiffs in error.

*Fort & Fort,* contra.

SUTTON, C.J. J. C. Usry, an employee of Rose City Foods Inc., of Thomasville, Georgia, was killed in an automobile accident, which arose out of and in the course of his employment, on April 3, 1950. A claim for compensation was filed with the Workmen's Compensation Board by J. L. B. Usry, the father of the deceased employee, on July 10, 1951, it being recited in the claim that the reason for not filing it within the one-year period

was due to fraud and concealment on the part of the defendants. A motion was made to dismiss the claim on the ground that it was not filed within the time provided by law, but no ruling was made on the motion. A hearing was had before a director of the board and an award granting compensation to the claimant was made on November 29, 1951, and within 7 days thereafter, on December 3, 1951, the employer and its insurance carrier entered an appeal to the full board. A hearing on the appeal was set, but prior to a hearing thereof the employer and the insurance carrier, on December 17, 1951, withdrew their appeal to the full board without the consent of the claimant and on that date filed an appeal direct to the superior court. The claimant made a motion to dismiss the appeal to the superior court, on the grounds that the appellants could not dismiss their appeal to the full board, without the consent of the adverse party, and then file an appeal direct to the superior court. The motion was sustained and the judge of the superior court ruled that the dismissal of the appeal to the full board without the consent of the adverse party was a nullity, and he recommitted the case for a hearing before the full board on the prior appeal. The employer and its insurance carrier excepted to that judgment.

■ An appeal from an award of a single director of the Workmen's Compensation Board to the full board is a de novo proceeding and opens the entire case for review or a hearing before the full board as a fact-finding body. *Burel* v. *Liberty Mutual Ins. Co.,* 56 *Ga. App.* 716 (3) (193 S. E. 791) ; *Peninsular Life Ins. Co.* v. *Brand,* 57 *Ga. App.* 526 (196 S. E. 264) ; *Watkins* v. *Hartford Accident &c. Co.,* 75 *Ga. App.* 462 (43 S. E. 2d, 549) ; *Travelers Insurance Co.* v. *Roebuck,* 77 *Ga. App.* 739 (49 S. E. 2d, 788). It was said in the *Brand* case, supra, that such an appeal is analogous to an appeal from a decision of a justice of the peace to a jury in his court. Code § 6-503 provides: "No person shall be allowed to withdraw an appeal after it shall be entered, but by the consent of the adverse party." Under the general law, an appeal is a de novo investigation, and it is error for the court to dismiss the appeal where there is no defect in the appeal proceedings, and where the adverse party does not consent for the appeal to be withdrawn or dismissed.

See *Rousch* v. *Green*, 2 *Ga. App.* 112, 114 (58 S. E. 313); *Bethea* v. *Dixon*, 72 *Ga. App.* 384 (2) (33 S. E. 2d, 723), and citations.

■ Where an award has been made by a single director in a workmen's compensation case, either party may appeal therefrom to the full board within seven days from the date of notice of the award (Code, § 114-708); and either party to a workmen's compensation case may appeal from a final award, order or judgment to the superior court of the county where the injury occurred within 30 days from the date of such final award, order or judgment, as provided for by Code § 114-710.

It was ruled in *American Mutual Liability Ins. Co.* v. *Lindsey*, 63 *Ga. App.* 658 (11 S. E. 2d, 512), that an appeal from an award of a single director to the superior court before the expiration of seven days from the date of the award did not subject the appeal to dismissal, but that the appeal to the superior court within the seven-day period was a waiver of the right of appeal to the full board. By parity of reasoning, an appeal from the award of the single director to the full board within seven days from the date of the award would be a waiver of the right of the appellant to appeal from such award direct to the superior court, under the facts as here disclosed.

■ Accordingly, where the employer and the insurance carrier appealed from the award of the single director to the full board within seven days from the date of said award, and the hearing on the appeal was set; but, before the hearing was had, the appeal was withdrawn by the appellants, without the consent of the claimant, and another appeal was entered from said award direct to the superior court, and a motion was made by the claimant to dismiss this last appeal upon the grounds above stated, the judge of the superior court did not err in dismissing said appeal and remanding the case to be heard by the full board on the first appeal, as the attempt to dismiss or withdraw the first appeal without the consent of the adverse party was a nullity.

*Judgment affirmed. Felton and Worrill, JJ., concur.*