34530.   ATLANTA NEWSPAPERS, INC., *et al.*
*v.* CLEMENTS.

DECIDED JULY 14, 1953—REHEARING DENIED JULY 28, 1953.

Samuel A. Miller, Miller & Head, for plaintiff in error.
Irwin & Dyer, contra.

WORRILL, J. 1. While it may be conceded that the hypothetical questions put to the expert witnesses for the claimant were not accurate statements of the facts in evidence, the record shows that each of the physicians who testified that the work the, deceased was doing caused his seizure and ultimate death were thoroughly and siftingly cross-examined by counsel for the employer, and in each case, after having the facts restated and the questions formulated on the basis of the view of the evidence most favorable to the employer, were still of the opinion that the work the employee was doing contributed to his death. The record thus shows that the opinions of these witnesses were based ultimately on substantially a correct statement of the evidence. "The Board of Workmen's Compensation or a single director thereof sits as a court, judging both the law and the facts, rather than as a jury. A jury considers all the evidence in the record. It is incumbent upon the party objecting to such evidence to have it ruled out in order to avoid its consideration. On the other hand, the Board of Workmen's Compensation or a director thereof in the capacity of a court sifts out inadmissible evidence and considers only that which is admissible under the rules of evidence, whether actually ruled out or not." *Liberty Mutual Ins. Co.* v. *Meeks,* 81 *Ga. App.* 800 (2), 805 (60 S. E. 2d 258).

2. We need not cite authority, of course, for the rule that an award by a single director, affirmed by the full board, is conclusive as to all issues of fact where there is any evidence to support the findings with respect thereto, and that this court is without authority to interfere with such an award. This court has frequently said in cases where exertion was a factor in producing the injury or death that "An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of health." *Williams* v. *Maryland Casualty Co.,* 67 *Ga. App.* 649, 653 (21 S. E. 2d 478). "If the employment of the employee contributes to the injury it is an accident under our compensation law and is compensable, it matters not what combined with the employment to produce it." *Fidelity & Casualty Co.* v. *Adams,* 70 *Ga. App.* 297, 298 (28 S. E. 2d 79). "It is immaterial that the physical exertion engaged in by the employee is not unusual or excessive. . . " *Bussey* v.

*Globe Indemnity Co.*, 81 *Ga. App.* 401, 404 (2) (59 S. E. 2d 34).

The plaintiff in error cites and relies on two recent cases as being most nearly like the instant one and as controlling. These are: *Finch* v. *Evins Amusement Co.*, 80 *Ga. App.* 457 (56 S. E. 2d 489), and *Shelby Mutual Casualty Co.* v. *Huff*, 87 *Ga. App.* 463 (74 S. E. 2d 251). In the *Finch* case the decision was based on the fact that the employee, though at his place of employment, had not actually gone to work when the fatal attack occurred. In the *Huff* case the reversal of the decision awarding compensation was based on the fact that there was no proof whatsoever as to the cause of death. These cases are clearly distinguishable from the case at bar. The facts in this case are not materially different from those in *Hartford Accident &c. Co.* v. *Braswell*, 85 *Ga. App.* 487 (69 S. E. 2d 385). In view of the foregoing authorities the award of compensation in this case was not without evidence to support it, and the judge of the superior court did not err in affirming the award.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*