## 35684. IDEAL MUTUAL INSURANCE COMPANY *et al.* *v.* RAY.

Decided June 27, 1955.

■

274

*Smith, Field, Doremus & Ringel, Richard D. Carr,* for plaintiff in error.

*Stonewall H. Dyer,* contra.

TOWNSEND, J. ■ The undisputed evidence here showed that this claimant, an able-bodied man capable of lifting packages of cheese from the floor onto a table approximately 4 feet in height continuously for 8-hour periods, amounting to approximately 10,000 pounds per hour for a period of 18 months prior to his disability, suffered a pain in the leg which is a symptom of a ruptured disk. If the lifting caused it, then the lifting which caused the disk to rupture was his accident (*Lumbermen's Mutual Casualty Co.* v. *Griggs,* 190 *Ga.* 277, 289, 9 S. E. 2d 84), and this is true whether he knew when it happened to him or not. An injury which arises out of and in the course of the employment, and which is not the result of the claimant's wilful misconduct or some other stated exception, is an injury "by accident" under the terms of the act, although its immediate cause

may be unknown (*Brown* v. *Lumbermen's Mutual Casualty Co.*, 49 *Ga. App.* 99, 174 S. E. 359), and although there was no physical impact or "accident" in the ordinary non-technical sense of the word. *Williams* v. *Maryland Casualty Co.*, 67 *Ga. App.* 649 (21 S. E. 2d 478). Accordingly, if the injury arose out of and occurred to him in the course of his employment, he is entitled to recover compensation, provided he gave his employer the required notice and made his application for hearing before the expiration of 1 year from the time of its occurrence. If the lifting on the job caused the ruptured disk, it is as much an accident to him as if the lifting on the job had caused a fracture of one of the bones of his spinal column. Had the X-ray shown a fractured bone instead of a ruptured disk, that would have been the result of his accident. Since it showed a ruptured disk, this was the result of the accident, provided, of course, it arose out of and occurred in the course of his employment.

Since he did not know when it happened, the fact of his accident may be proved by circumstantial evidence as well as by direct evidence, but to prove it in this manner it is necessary to exclude every other reasonable manner in which it could have occurred other than in the course of the employment, by a preponderance of the evidence and to the satisfaction of the trior of facts, and it must appear to the appellate court that the circumstances shown tend in some appreciable degree to establish the conclusion claimed. *Radcliffe* v. *Maddox*, 45 *Ga. App.* 676, 682 (165 S. E. 841). Here, the medical opinion evidence was to the effect that lifting would cause the rupture. The testimony shows extreme and continuous lifting on the part of the claimant. However, there is in the evidence no testimony as to the claimant's activities when he was not on the job.

Also, the time of the accident may be shown by circumstantial as well as direct evidence, and in that connection it is incumbent upon the fact-finding tribunal to consider the physical condition of the claimant and his ability to work at heavy lifting prior to the time he felt pain, that the pain he felt is a symptom of a ruptured disk, that he had not felt this pain before a given date, and that soon thereafter the rupture was established by X-ray and myelogram. Taking all of these facts into consideration, it follows that the evidence authorized, but did not demand, a find-

ing that the claimant, on or about December 14, 1953, suffered a ruptured disk arising out of and in the course of his employment.

■ An appeal from the award of the single director to the full board is a de novo proceeding. *Watkins* v. *Hartford Accident &c. Co.*, 75 *Ga. App.* 462 (43 S. E. 2d 549) ; *Travelers Ins. Co.* v. *Roebuck*, 77 *Ga. App.* 739 (49 S. E. 2d 788) ; and the full board may adopt the findings of the single director or may make other findings based on the same evidence, which, if supported, are conclusive. It is necessary, however, that the record on appeal contain approved findings of fact, and merely setting out the testimony of witnesses is not sufficient. In such event, where the record contains no approved findings of fact, the case may be recommitted by the reviewing court for the purpose of obtaining the same. *Southeastern Express Co.* v. *Edmondson*, 30 *Ga. App.* 697 (119 S. E. 39). Here the single director made extensive findings of fact, which were not, however, adopted by the full board in its de novo investigation, but were expressly repudiated by it, the full board finding only that, "after hearing argument and after a thorough and exhaustive study of the record, it is the opinion of the full board that there is not sufficient evidence to support the findings and award of the deputy director, and that the award should be reversed and compensation denied." The board, having found there was not sufficient evidence to support the findings of the director, should itself have made a finding of fact which it considered adequate. Further, although the board was fully empowered to reverse the award on the ground that it considered the preponderance of the evidence to be in favor of the defendant, it was not empowered to reverse on the ground that there was not sufficient evidence to support the award, since, as hereinabove pointed out, the evidence was sufficient to authorize but not to demand a finding either way. It follows that the judge of the superior court properly reversed the full board, although the decision was based on the erroneous reason that "the evidence demanded a finding in favor of the claimant." Accordingly, the judgment of the superior court reversing the case must be affirmed, but the case should be remanded to the full board for the purpose of giving it the opportunity to set out its findings of fact; that is, either to adopt the findings of fact made by the single director (*Southeastern Express Co.* v. *Edmondson*, supra),

or to make independent findings, either of which will constitute a compliance with Code § 114-708. In view of the meagerness of the evidence relating to the claimant's activities and likelihood of injury while not engaged in the duties of his employment and to the date of the injury as it relates to the statutory requirements pertaining to notice to the employer and the statute of limitations, it is directed that, on the return of the case to the Board of Workmen's Compensation, both parties be permitted if they desire to offer further evidence on these questions and other pertinent issues.

*Judgment affirmed with direction. Gardner, P. J., and Carlisle, J., concur.*