37470. GEORGIA DEPARTMENT OF REVENUE
*v.* HUGHES.

DECIDED JANUARY 19, 1959—REHEARING DENIED
FEBRUARY 19, 1959.

128

*Eugene Cook, Attorney-General, John L. York, Assistant Attorney-General,* for plaintiff in error.

*Smith, Swift, Currie & McGhee, W. S. Currie,* contra.

CARLISLE, Judge. ■ "An appeal from an award of compensation made by one of the directors of the . . . [State Board of Workmen's Compensation] to the full board opens the entire case as a de novo proceeding, and the board may, on a review of the case, render an award in favor of the employer and the insurance carrier denying compensation, notwithstanding the award of the single director appealed from awarded compensation to the claimant, and the appeal from the award of the single director to the full board was not made by the employer or the insurance carrier, but was made by the claimant alone on the ground that the amount awarded to the claimant as a matter

of law was insufficient." *Burel* v. *Liberty Mutual Insurance Co.*, 56 *Ga. App.* 716 (3) (193 S. E. 791). This being the status of an appeal, it is immaterial whether the appeal was carried to the full board by the claimant or by the employer. Either party could have urged any question on the appeal that it could have urged in the original trial of the matter before the single or deputy director. It, therefore, was immaterial whether the full board docketed the employer's appeal or not, for once the case was carried to the full board, any question that might have been raised by the employer on its appeal could have been raised by it on the claimant's appeal. Under these circumstances, the full board will be presumed to have considered the whole merits of the case, and the question sought to be raised as to the correctness of the board's action in refusing to docket the employer's appeal, therefore, becomes moot and will not be considered by this court.

■ As set forth in the statement of facts above, the claimant's disability as shown by the evidence was due to a heart attack, in common parlance. The claimant was an employee of the alcoholic tax and control unit of the Department of Revenue of the State of Georgia. His duties consisted of ferreting out and destroying illegal liquor stills in company with other officers and employees of the Department of Revenue and with local law enforcement officers. The claimant testified that on June 12, 1957, in company with other officers he drove to a rural location and got out of his car and started walking up a gradual incline of some four or five hundred yards; that when he got about half-way up the hill he "just got to getting heavy, you know, getting further and further behind," and that he had to sit down, that he had a lot of gas on his stomach, and that his arms were hurting all the way down to his little fingers. He testified that he made some effort to continue with the investigation but finally had to give it up and let the other officers go along without him, and that later they came back for him in the car and he went to see Dr. Looper. Dr. Ben K. Looper testified that he examined the claimant and that, in his opinion, the claimant had a "posterior infarct on his heart by a blockage on one of the branches of the coronary supply that goes to the heart

itself, not to the supply to the body, but the blood supply to the pump that does the work." In response to a hypothetical question propounded which was not objected to and as to which there is no contention that it did not fairly state the facts, this doctor testified that in his opinion the exertion of the claimant in walking up the hill precipitated the heart condition. The doctor further testified that in his opinion the claimant was permanently disabled from work of any kind. This evidence authorized the award of compensation entered on behalf of the claimant, and the judge of the superior court did not err in affirming the award of the full board. See *Atlanta Newspapers, Inc.* v. *Clements,* 88 *Ga. App.* 648, 650 (76 S. E. 2d 830).

*Judgment affirmed. Townsend, J., concurs. Gardner, P. J., concurs specially.*

GARDNER, Presiding Judge, concurring specially. I agree with the judgment of affirmance in this case, but I do not agree that the matter is moot and of no consequence in regard to the appeal to the full board not having been filed on time. The record shows that the appeal was not filed on time. I concur in everything else which has been said in the majority opinion.