40836. THORNBERG v. RICHMOND COUNTY BOARD OF EDUCATION.

JORDAN, Judge. Carl M. Thornberg filed a claim for workmen's compensation against the County Board of Education of Richmond County and Richmond County for injuries sustained by him on February 3, 1961.

The County Board of Education of Richmond County filed its written motion to dismiss the claim upon the grounds it was not covered by or subject to the terms and provisions of the Workmen's Compensation Act, it being a separate and distinct corporate entity and tax levying political subdivision of the State of Georgia, created by an Act of the General Assembly of the State of Georgia, approved August 23, 1872 (Ga. L. 1872, p. 456) as amended by an Act of 1949 (Ga. L. 1949, p. 1435) to operate, control, and supervise the educational system in Richmond County, Georgia; that it and its employees are not covered by or subject to the provisions of the Workmen's Compensation Act because by law school funds raised by taxation cannot be used for other than educational purposes and it is not authorized by law to pay premiums for workmen's compensation insurance or to pay compensation claims of injured employees.

On May 3, 1963, the hearing director entered an award in which he held that the claimant, as an employee of the board of education, was also an employee of Richmond County since the board of education was an agency of the county; and since county employees are covered by the Act, an award was

entered in favor of the claimant against Richmond County only.

On May 9, 1963, the County Board of Education of Richmond County made application for review by the full board, which body on January 3, 1964, adopted the findings of fact of the hearing director, and made his award the award of the full board. On January 21, 1964, the County Board of Education of Richmond County and Richmond County appealed to the Superior Court of Richmond County on the grounds that the claimant was not an employee of Richmond County against whom the award was entered but that he was the employee of the board of education and as such was not covered under the Workmen's Compensation Act. On January 27, 1964, the claimant filed a motion to dismiss the appeal of Richmond County on the grounds that Richmond County had not made application for review of the award of the hearing director by the full board, and was not a party to such application for review filed by the board of education, and could not therefore appeal the final award of the full board to the superior court.

On May 11, 1964, the superior court denied this motion and on May 12, 1964, the court entered an order setting aside and declaring of no force and effect the award of the board on the grounds that there was not sufficient competent evidence to warrant the finding, the record clearly showing that the claimant was an employee of the County Board of Education of Richmond County and not an employee of Richmond County. The exception is to this judgment. *Held:*

1. The superior court did not err in denying the motion to dismiss the appeal of Richmond County as there was no merit in the claimant's contention that the award of the hearing director was final and conclusive upon Richmond County since it had made no application for review of that award to the full board.

Under *Code* § 114-710, an award of the single director is final and conclusive only when no application for review thereof is filed in due time with the full board; and when timely application for review is made by any party, the case is reopened as a de novo proceeding to all parties concerned. *Georgia Dept. of Revenue v. Hughes,* 99 Ga. App. 127 (1) (108 SE2d 184); *Burel v. Liberty Mut. Ins. Co.,* 56 Ga. App. 716 (3) (193 SE 791).

Accordingly, since the record in this case discloses that a timely application for review by the full board was made by the County Board of Education of Richmond County and since both Richmond County and the County Board of Education filed a timely appeal from the award of the full board to the superior court, the claimant's motion to dismiss was without merit.

2. The award of the State Board of Workmen's Compensation in favor of the claimant was against Richmond County only, and there being no exception to this award by the claimant, no question is presented here as to whether or not the County Board of Education of Richmond County is subject to the provisions of the Workmen's Compensation Act. Therefore, since it is undisputed in the record that the claimant was an employee of the Board of Education, the only question at issue is whether the County Board of Education of Richmond County is such an agency of Richmond County as to render the claimant an employee of the county by virtue of his being employed by the Board of Education.

This question must be answered adversely to the contention of the claimant. The County Board of Education of Richmond County is an independent school district under the provisions of the Act of 1872 (Ga. L. 1872, pp. 456-463) as amended by the Act of 1949 (Ga. L. 1949, pp. 1435-1460); and as such, it is a separate county authority and political subdivision of the State and not a political subdivision or agency of the county in which the school district is located. *Morman v. Board of Ed. of Richmond County*, 218 Ga. 48 (126 SE2d 217); *Smith v. Bohler*, 72 Ga. 546; *Cotton States Mut. Ins. Co. v. Keefe*, 215 Ga. 830 (113 SE2d 774).

The employees of the County Board of Education of Richmond County are not therefore employees of Richmond County within the purview of the workmen's compensation law; and the judgment of the superior court is affirmed.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 4, 1964—REHEARING DENIED
NOVEMBER 20, 1964.

*Lanier, Powell, Cooper & Cooper, L. Valdi Cooper,* for plaintiff in error.

*Franklin H. Pierce, Fulcher, Fulcher, Hagler & Harper,* contra.