41651.   PETERS v. LIBERTY MUTUAL INSURANCE COMPANY et al.

HALL, Judge.   This is an appeal from a judgment of the superior court affirming an award of the State Board of Workmen's Compensation adverse to the claimant. *Held:*

1. The appellee filed a motion to dismiss the appeal upon the grounds that the only method for reviewing a judgment entered by the superior court upon an appeal from an order or decree by the Board of Workmen's Compensation is under *Code* § 114-710 (writ of error), and an appeal from a judgment in a workmen's compensation case cannot be brought under the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18). Section 19 of the new Act provides: "The procedure provided in this Act shall hereafter serve all purposes for which a bill of exceptions or writ of error have served in the past, and where under any law of force in this state provision is made for the taking of writs of error or bills of exception, the procedure herein prescribed shall be deemed to apply in lieu thereof as to the procedure and as to all time requirements." Ga. L. 1965, pp. 18, 32.   The motion to dismiss is denied.   See *Mosley v. Lanier,* 213 Ga. 373 (1) (99 SE2d 118) ; *Hardy v. State,* 25 Ga. App. 287 (103 SE 267) ; Leverett, The Appellate Procedure Act of 1965, 1 Ga. State Bar J. 451, 487.

2. For the first time in the superior court the claimant raised the issue that the record before the hearing director, the State Board of Workmen's Compensation, and the superior court contained a report of a physician which was not introduced in evidence.   The claimant contends that this report was considered at each step of the case and influenced the award adversely to him.

An appeal to the State Board of Workmen's Compensation is a de novo proceeding, where either party can raise any issue affecting the case, and the board may hear the parties, their representatives, and witnesses. *Code* § 114-708, as amended

by Ga. L. 1963, pp. 141, 156; *Pacific Employers Ins. Co. v. West*, 213 Ga. 296, 297 (99 SE2d 89); *Georgia Dept. of Revenue v. Hughes*, 99 Ga. App. 127, 129 (108 SE2d 184). A party can offer evidence before the board, and can also act to have matter in the record that is not proper for consideration as evidence excluded or removed from consideration. The claimant contends that though the report of which he complains was in the board's record before the original hearing and the hearing on appeal, he was not aware of its presence until the record was transmitted to the superior court. The board's records are open to the parties. *Code* § 114-716, as amended by Ga. Laws 1957, pp. 493, 494; Ga. L. 1963, pp. 141, 158. It appears, therefore, that the claimant had the opportunity to raise this issue before the board. The record does not show that he did this, and he did not in his written appeal to the superior court state the board's consideration of the report or its inclusion in the record as a ground of the appeal. The issue, therefore, became moot. *Georgia Dept. of Revenue v. Hughes*, supra, p. 129.

3. Neither the superior court nor the Board of Workmen's Compensation was in error in denying the appellant's motion that the case be remanded on the ground of newly discovered evidence. *American Mut. Liab. Ins. Co. v. Hardy*, 36 Ga. App. 387 (3) (137 SE 113); *Southeastern Express Co. v. Edmondson*, 30 Ga. App. 697 (2) (119 SE 39); *Butler v. Fidelity &c. Co.*, 88 Ga. App. 620, 623, 624 (76 SE2d 813); *Adams v. Utica Mutual Ins. Co.*, 88 Ga. App. 386 (76 SE2d 709).

4. There being some evidence to support findings of the Board of Workmen's Compensation that the appellant failed to prove notice and failed to show a compensable accident, the superior court did not err in denying the appeal.

*Judgment affirmed. Bell, P. J., concurs. Frankum, J., concurs with Divisions 1, 3 and 4.*

ARGUED NOVEMBER 4, 1965—DECIDED JANUARY 5, 1966—
REHEARING DENIED JANUARY 26, 1966.

*Ballard & Thigpen, Troy R. Thigpen, Jr.*, for appellant.
*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James Eichelberger, C. Richard McQueen*, for appellees.