39853. SOUTHEASTERN ALUMINUM RECYCLING, INC. et
al. v. RAYBURN.

HILL, Chief Justice.

Rayburn filed a claim for workers' compensation benefits against Southeastern Aluminum Recycling, Inc., and the administrative law judge found the claim to be compensable. Southeastern appealed to the State Board of Workers' Compensation, which affirmed the award. Southeastern appealed to the superior court pursuant to OCGA § 34-9-105(b) (Code Ann. § 114-710).

OCGA § 34-9-105(b) (Code Ann. § 114-710) provides in pertinent part that upon the transmission of certified copies of the documents, papers, findings, order or decree, and transcript of testimony to the clerk of the superior court, "The cause so appealed may then be brought by either party upon ten days' written notice to the other, before the superior court for a hearing upon such record, subject, however, to an assignment of the case for hearing by the court." Pursuant to this Code section, on June 25, 1982, the Board ordered that a certified copy of the record be transmitted to the Superior Court of Dougherty County and the record was certified and apparently was mailed on that date. (Southeastern's statements that it received notice of the transmittal of the record on June 26 and that the record arrived at the superior court on June 28 are undisputed and entirely consistent with the dates of record.) On June 30, 1982, the superior court entered an order affirming the Board.

Pursuant to OCGA § 5-6-35 (Code Ann. § 6-701.1), Southeastern filed an application for appeal to the Court of Appeals, which application was granted. The Court of Appeals subsequently affirmed the order of the superior court without opinion pursuant to its Rule 36. Southeastern then filed a petition for writ of certiorari which was granted by this court.

OCGA § 5-6-35 (Code Ann. § 6-701.1), supra, provides that, among others, appeals from decisions of the superior courts reviewing decisions of the Board of Workers' Compensation shall be by

application, which application may be granted or denied by the appellate court. As a consequence of this Code section, enacted in 1979 (Ga. L. 1979, p. 619), the superior courts are the courts of last resort as a matter of right in workers' compensation and other cases. Sitting as an appellate court of last resort of right, the superior courts are no longer merely a base which must be touched en route in the course of a workers' compensation appeal. Under OCGA § 5-6-35 (Code Ann. § 6-701.1), supra, the superior courts have all of the authority and all of the responsibilities which the appellate courts formerly had in workers' compensation cases. It therefore is imperative that the hearings in superior courts in workers' compensation appeals, provided for by law, be conducted in a plenary manner.

Although OCGA § 34-9-105(b) (Code Ann. § 114-710), quoted in part above, does not specify any time limit upon the appellant for filing briefs and seeking a hearing, it clearly contemplates such hearing, after at least ten days notice. Considering the time limitations set forth in that Code section, we find that appellants should be afforded twenty days from the date of certification and transmittal of the record by the Board to the clerk of the superior court in which to request a hearing before the superior court and to file briefs therein. Upon failure to request such hearing and file a brief, the superior court may adjudicate the matter on the record.

In the case before us, Southeastern was not afforded its right to the hearing before the superior court specified in OCGA § 34-9-105(b) (Code Ann. § 114-710), supra. The employee urges that, notwithstanding the absence of such hearing, the Board's decision was correct and hence the superior court did not err in affirming the Board's award. Time constraints upon this court do not permit us to analyze the various enumerations of error and numerous arguments advanced by Southeastern to determine whether the absence of a plenary hearing was harmless error. We therefore remand this case to the superior court for hearing.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Savell, Williams, Cox & Angel, John M. Williams, Benjamin H. Terry,* for appellants.
*George W. Woodall,* for appellee.