### A90A0343. AT&T TECHNOLOGIES v. BARRETT.
(395 SE2d 22)

CARLEY, Chief Judge.

In this workers' compensation case, the Administrative Law Judge (ALJ) made an award and appellee-employee sought de novo review before the Full Board. The Full Board adopted the ALJ's

award and, on May 2, 1989, appellee filed an appeal to the superior court. Within the sixty-day period after appellee's appeal was filed, a hearing in the superior court was neither actually held, nor scheduled, and then continued. After the sixty-day period had elapsed, appellant-employer moved for an affirmance of the award. The superior court denied appellant's motion for affirmance and, after addressing appellee's appeal on the merits, reversed the award. Appellant's application to this court for a discretionary appeal from the superior court's order was granted.

Since the award was rendered after July 1, 1988, and before July 1, 1989, the provisions of former OCGA § 34-9-105 (b) are applicable. That former statutory provision provided, in relevant part, as follows: "In the event of an appeal, the board shall, within 30 days of the filing, transmit certified copies of all documents and papers in its file together with a transcript of the testimony taken and its findings of fact and decision to the clerk of the superior court to which the case is appealable. . . . The case so appealed may then be brought by either party upon ten days' written notice to the other before the superior court for a hearing upon such record, subject to an assignment of the case for hearing by the court; provided, however, *if the court does not hear the case within 60 days from the date the appeal is filed, the decision by the board shall be considered affirmed by the court unless a hearing originally scheduled to be heard within the 60 days has been continued to a date certain by order of the court.*" (Emphasis supplied.) Under the terms of this former statute, the burden was on appellee to insure that a timely hearing of his appeal to the superior court was either held or was scheduled, and then continued. See generally *Southeastern Aluminum Recycling v. Rayburn*, 251 Ga. 365 (306 SE2d 240) (1983). That burden was not met. The superior court had no discretion to address the merits of appellee's appeal after the sixty-day period had run without a hearing either having been held or having been scheduled and then continued. "[I]f the hearing is not held and a decision rendered within the time provided in subsection (b) of this Code section, the court *shall affirm* the decision of the board so appealed from." (Emphasis supplied.) Former OCGA § 34-9-105 (d). It follows that the superior court erred in reversing rather than affirming the award of the Full Board.

*Judgment reversed. Sognier and Pope, JJ., concur. McMurray, P. J., disqualified.*

DECIDED MAY 16, 1990.

*Swift, Currie, McGhee & Hiers, Mark J. Goodman, Nanne A. Van't Reit,* for appellant.

*Marcus, Moskowitz & Associates, David H. Moskowitz,* for appellee.