A93A0491. ATLANTA FAMILY RESTAURANTS, INC. et al.
v. PERRY
(434 SE2d 140)

COOPER, Judge.
In this workers' compensation case, an administrative law judge (ALJ) issued an award terminating appellants' obligation to pay disability benefits to appellee but directing appellants to pay appellee's chiropractic costs. Appellee timely appealed the award to the full

Board pursuant to OCGA § 34-9-103. Appellants did not cross-appeal or file a separate appeal. However, they submitted a brief in which they argued not only that the ALJ correctly terminated their obligation to pay disability benefits, but also that the ALJ erred in ordering them to pay appellee's chiropractic costs. Appellee then filed a "Dismissal of Appeal," and the Board dismissed the appeal despite appellants' written objection. Appellants timely appealed the dismissal to the superior court. When that court failed to hear the case within 60 days, the Board's dismissal was affirmed by operation of law, see OCGA § 34-9-105 (b), and we granted appellants' subsequent application for discretionary appeal.

An appeal to the Board "opens the entire case as a de novo proceeding" in which either party can raise any issue involved in the case; the adverse party need not cross-appeal. *Ga. Dept. of Revenue v. Hughes*, 99 Ga. App. 127, 128 (1) (108 SE2d 184) (1959). As a result, we have held that the party filing the appeal cannot withdraw it without the consent of the adverse party. *Rose City Foods v. Usry*, 86 Ga. App. 307 (1) (71 SE2d 649) (1952). The Board therefore erred in dismissing the appeal over appellants' objection, and the dismissal should not have been affirmed by the superior court.

*Judgment reversed. McMurray, P. J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I agree that the Board erred in dismissing the appeal.

1. The majority's statement that "[a]ppellants did not cross-appeal or file a separate appeal" may be misleading. The simple procedure provided for in OCGA § 34-9-103 does not require that parties other than the applicant for review (who is not cast as an "appellant" but rather as an applicant) take any action to preserve any and all issues for the consideration by the Board. *Ga. Dept. of Revenue v. Hughes*, 99 Ga. App. 127, 128 (1) (108 SE2d 184) (1959); OCGA § 34-9-103.

2. It is inaccurate for us to conclude that the dismissal by the Board should not have been "affirmed" by the superior court and to reverse its judgment. The superior court rendered no judgment. In reality, we are reversing the judgment of the Board. We cannot hold that the lower court erred by affirming the Board. Former OCGA § 34-9-105 (b) provided that the Board's decision "shall be considered affirmed by the [superior] court" if timely hearing and court order do not materialize. See *AT&T Technologies v. Barrett*, 195 Ga. App. 675, 676 (395 SE2d 22) (1990). But under the current statute, the non-exercise of jurisdiction results in the Board's decision being "affirmed by operation of law." This change was made in 1989. Ga. L. 1989, p. 579, § 2.

Progression to *this* court puts it in a role not originally intended for this court, as this rollover role requires us to *directly* review an administrative agency's decision, albeit by application. Generally, the Court of Appeals exists, and from its inception has existed, to correct errors of law made by other *courts, Barnes v. State*, 157 Ga. App. 582, 589 (2) (277 SE2d 916) (1981), although it is not always the first appellate court. The Constitution provides that it shall exercise appellate and certiorari jurisdiction in all cases not reserved to the Supreme Court or *conferred on other courts by law.* 1983 Ga. Const., Art. VI, Sec. V, Par. III. It also provides that '[t]he superior courts shall have such appellate jurisdiction, either alone or by circuit or district, as may be provided by law." 1983 Ga. Const., Art. VI, Sec. IV, Par. I. The legislature gave appellate jurisdiction in workers' compensation to the superior courts, OCGA § 34-9-105 (b), with discretionary appeal thereafter to this court "from *decisions* of the superior courts *reviewing* decisions of the State Board of Workers' Compensation[.] . . ." (Emphasis supplied.) OCGA § 5-6-35 (a) (1). Subsection (b) provides that "[t]he application shall specify the order or judgment being appealed." Here there was a lapse, not a judicial review and decision memorialized in an order or judgment.

The administrative law judge sits as a trier of fact in a workers' compensation case, and the Board sits also as a trier of fact de novo in the event of an appeal to it. The superior court, however, sits as an appellate court in such cases. It is asked to review the action of the Board for legal errors and is confined to the five grounds listed in subsection (c). It does so on the record, to which additional evidence may not be added. If additional evidence is for some reason necessary, the case must be remanded to the Board. See *Hartford Accident &c. Co. v. Cox*, 191 Ga. 143 (11 SE2d 661) (1940). "The facts upon which the superior court is authorized to exercise jurisdiction in an appeal from the State Board of [Workers'] Compensation are those, and only those, contained in the record transmitted to it by the board, [cits.]. . . ." *Turner v. American Mut. &c. Ins. Co.*, 109 Ga. App. 721, 722 (137 SE2d 385) (1964).

This court has construed the affirmance by operation of law of a workers' compensation award, as provided in subsection (d), to simply mean that the appellant can then turn to *this* court for the appellate review. *Lanier v. Jim Brown Dev. Corp.*, 199 Ga. App. 255 (2) (404 SE2d 626) (1991). We, instead of the superior court, are then reviewing and ruling on the validity of the Board's award and following the statute's direction to the superior court which is given in subsection (c). This allows the appellant who is not diligent in the superior court to simply bypass it, deliberately or by default, despite the burden being on the appellant to insure timeliness. See *AT&T Technologies*, supra at 676. Yet the Supreme Court has recognized that under

OCGA § 5-6-35, "the superior courts are no longer merely a base which must be touched en route in the course of a workers' compensation appeal." *Southeastern Aluminum Recycling v. Rayburn*, 251 Ga. 365, 366 (306 SE2d 240) (1983).

The solicitous public policy for the disposition of workers' compensation cases, as expressed in the legislated time constraints of OCGA § 34-9-105, are an echo of the people's constitutional mandate, as found in 1983 Ga. Const., Art. VI, Sec. IX, Par. I, for court rules "[which] shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions."

If the direct appeal of right to the superior court which the parties in a workers' compensation case have is not diligently pursued and that court's jurisdiction is not invoked, the application to this court should be dismissed for the litigant's failure to follow the procedure established. If, on the other hand, the appeal cannot be accommodated by the superior court in the time required, then the answer is for the legislature to provide more judges or for the court to request judicial assistance from other courts. See OCGA § 15-1-9.1; 1983 Ga. Const., Art. VI, Sec. I, Par. III. The answer is not for this court to be a substitute for the superior court in the latter's appellate capacity.

OCGA § 34-9-105 (d) designates how a date of "entry of judgment" is to be measured when the superior court does not act and the party seeks to move the appeal to this court. It was added to OCGA § 34-9-105 (d) in 1989. Ga. L. 1989, p. 579, § 2. See Ga. Sen. J. 1989, p. 2048. It states: "The date of entry of judgment for purposes of appeal pursuant to Code Section 5-6-35 of a decision affirmed by operation of law without action of the superior court shall be the last date on which the superior court could have taken action under subsection (b) of this Code section." This dating provision need not be construed to allow applications when the litigant caused the automatic affirmance.

It is not sound administration of justice, especially when courts are increasingly overburdened, to involve yet another appellate tribunal when the first appeal, which is of right, is not pursued to decision.

In this case, the record shows no request by appellants for a hearing before the superior court. OCGA § 34-9-105 (b) puts the burden on the parties to trigger superior court action by asking the court for a hearing date.

The executive director of the Board reminded the parties, by copy of the transmittal of the record to the superior court, that "[a]ny party, upon ten days written notice to the others, may request a hearing on the record subject to assignment by [the] court." The record does not show that the court refused to assign a hearing date. The record merely shows that, upon notice from the superior court clerk that the appeal had been docketed, appellant paid the filing fee.

I would dismiss this appeal as one improvidently granted, for failure of appellants to pursue the speedy appellate remedy provided in the superior court. However, I am constrained by the practice of this court which is illustrated by *Lanier v. Jim Brown Dev. Corp.*, supra. Thus I join in the holding that the Board erred, and I join in the reversal of *its* judgment.

DECIDED JULY 16, 1993.

*Sligh, Presmanes & Jackson, Gregory T. Presmanes*, for appellants.

*Davis & Sissel, Kenneth M. Sissel*, for appellee.